LAND, J.
 

 Upon petition of abutting property owners, the city of Shreveport, on June 15, 1923, passed Ordinance 102 of 1923 ordering the alley north of Stoner avenue in said
 
 city,
 
 from Busbey street to Creswell street, to be paved with concrete paving, and the work, when completed, to be assessed and paid for by the property owners, under the provisions of Act 187 of 1920 and amendments thereto.
 

 The paving was completed on August 28, 1923, and was finally accepted by the city of. Shreveport on September 11, 1923, as shown by Ordinance No. 189 of 1923, adopted oil the latter date.
 

 Relator’s lot, No. 42 of the Curry and Busbey subdivision of the city of Shreveport, abuts 125 lineal feet on the alley to be paved, and she is assessed and charged, under section 2 of above ordinance, with the sum of $290.16.
 

 Section 4 of said ordinance provides that:
 

 “The above property owners shall have the privilege of paying 20 per cent, of the above amount within 10 days from the final passage of this ordinance, and of paying the balance in four equal annual installments, by executing four promissory notes payable to -the order of the city of Shreveport, each for 20 per cent, of the amount due by him, dated 10 days after the passage of this ordinance, maturing, respectively, in one, two, three, and four years from date, or sooner at the option of the owner, bearing 8 per cent, yearly interest from date and 10 per cent, attorney’s fees if placed in the hands of an attorney for collection after maturity.”
 

 On September 11, 1923, the city of Shreveport mailed relator a bill for $293.16, the same being for the total cost of paving due by her, plus $3 for recording lien against her lot.
 

 Acting under the privilege granted her by Ordinance 189 of 1923, as well as by Act 187 of 1920, relator paid the sum of $61.03 to the city of Shreveport September 21, 1923; i. e., 20 per cent, of the whole cost of paving, plus $3 for recordation of lien, and the finance department of the city of Shreveport was instructed to mail to relator’s address four promissory notes for the balance of said amount.
 

 Upon learning that the promissory notes to be mailed to her would bear 8 per cent, interest, instead of 6 per cent, interest, as provided in section 6 of Act 187 of 1920, under which the paving was done and payments were to be made, relator demanded of the mayor of the city of Shreveport that the four certificates or promissory notes bearing the rate of 6 per cent, yearly interest issue to relator for signature.
 

 On October 15, 1923, the city of Shreveport, through the city attorney, refused to
 
 *521
 
 accept relator’s certificates or notes unless they bore 8 per cent, yearly interest as fixed in Ordinance 189 of 1923, with the statement that relator had the alternative of paying in cash, and that the city would bring suit if relator did not see fit to tender notes with 8 per cent, interest, or to pay in cash.
 

 On October 28, 1923, relator, through her attorney, requested the secretary treasurer and tax collector of the city of Shreveport to accept four promissory notes of relator, each for the sum of $58.04, due at one, two, three, and four years, respectively, from September 11, 1923, and bearing interest at the rate of 6 per cent, yearly from said date, and containing all of the stipulations set out in section 6 of Act 187 of 1920, as being in full compliance with the law in settlement of the paving in question.
 

 The secretary treasurer and tax collector of the city of Shreveport refused to accept said notes unless they contained a stipulation of 8 per cent, yearly interest, instead of 6 per cent, as offered by relator, but was willing to accept cash for the balance of the paving assessment.
 

 Under this state of facts, relator applied to the district court of Caddo parish for a writ of mandamus directed to the mayor, commissioner of department of accounts and finances, and the secretary treasurer and tax collector of the city of Shreveport, commanding them to accept the four promissory notes tendered by relator.
 

 The respondents filed a joint answer in the lower court admitting all' of the allegations of fact contained in relator’s petition, but denying relator’s conclusions of law, and excepted to the petition on the ground that it failed to disclose any cause or right of action.
 

 The .alternative writ of mandamus issued in the district court was made peremptory, and the judgment of the lower court was reversed on appeal by the Court of Appeal for the parish of Caddo.
 

 The judgment of the Court of Appeal is now before us for review.
 

 Section 5 of Act 187 of 1920 provides:
 

 “That the amounts assessed in said -ordinance shall be due and exigible immediately upon its passage, and if not paid within ten days thereafter the city or town, or its transferees, shall have the power to proceed by suit against the assessed properties and the owners thereof, -to enforce collection of the amounts of said assessments together with six per cent, per annum interest from date of acceptance thereof; and ten per cent, of the amount of the judgment as attorney’s fees:”
 

 It is enacted in section 6 of Act 187 of 1920:
 

 “That the governing authorities of the municipality may provide in the ordinance accepting the work and making the assessment that the property owners therein assessed, availing themselves of the privileges within ten days after the passage of the ordinance, may pay in cash twenty per cent, of the amount of their indebtedness, and pay the balance thereof in four equal annual installments. As evidence of such deferred payments the property owner shall sign and execute four promissory notes payable to the order of the municipality, each for twenty per cent, of the amount due by him, dated ten days after , the passage of the ordinance accepting the work, maturing respectively, one, two, three and four years from date, or sooner at the option of the owner, bearing six per cent, yearly interest from date and ten per cent, attorney's fees if placed in the hands of an attorney for collection after maturity, which notes when paraphed by the city clerk or secretary to identify them with the ordinance levying the assessment, shall carry with them in the possession of any owner the lien and privilege above provided.”
 

 Sections 3 and 4 of Ordinance 189 of 3923 of the- city of Shreveport conform substantially to the provisions of sections 5 and 6 of Act 187 of 1920, except as to the rate of interest, which has been increased in said ordinance from the statutory rate of 6 per cent, to 8 per cent, per annum.
 

 While it is true that it was discretionary with the city of Shreveport to have demanded the payment of these assessments in cash within 10 days after the passage of the ordinance, and not to have allowed the property owners to have availed themselves
 
 *523
 
 of deferred payments at all, at the same time, it is clearly the intention of the Legislature, in the event any municipality should concede to the property owners the privilege of making such payments, that such right should be exercised by them at a‘rate of interest not greater than 6 per cent, per annum on the installments to be paid.
 

 It is plain that Act 187 of Í920 does not leave it to the mere discrétion of a municipality to change the statutory rate of interest on assessments, as such rate is fixed at 6 per cent, on deferred payments, whether payment is enforced after 10 days by suit, or whether it is made voluntarily and in annual installments of 20 per cent, of the assessment levied.
 

 It is manifest that the General Assembly intended to prevent any additional burden of interest from being placed upon the shoulders of the property owner in the payment of paving assessments, merely because he may have been granted some measure of grace in such matter by the municipality.
 

 .The city of Shreveport is therefore without power, under Act 187 of 1920, to demand in its 'ordinance in this case a rate of interest in excess of the statutory rate of 6 per cent, per annum, and, having granted to the abutting property owners the right to make deferred payments, was without authority to compel relator to pay cash for her paving assessment, by exacting in said ordinance a rate of interest on these deferred payments higher than that fixed in the statute.
 

 It is well settled that mandamus lies to compel performance by a public officer of a plain duty, made ministerial by the provisions of a statute.
 

 The duty of a public officer does not become less ministerial, when plainly devolved upon him by a statute, directing him to perform an act in regard to which no discretion is committed to him, although the statute may require, in some degree, a construction of its own language by the officer. Henderson v. City of Shreveport, 160 La. 367, 107 So. 139; C. P. arts. 829, 830; Work v. United States ex rel. McAlester-Edwards Coal Co., 262 U. S. 200, 43 S. Ct. 580, 67 L. Ed. 949; Roberts v. United States ex rel. Valentine, 176 U. S. 221, 20 S. Ct 376, 44 L. Ed. 443.
 

 The ordinance levying assessments and providing for these deferred payments is based, on its face, upon the provisions of Act 187 of 1920, and, necessarily the secretary treasurer and tax collector g£ the city of Shreveport who is charged with the ministerial duty of receiving the proper notes or certificates on deferred payments for paving, was compelled to construe section 6 of said act, in connection with section 4 of Ordinance No. 189 of 1923, prescribing the rate of interest to be paid on such deferred payments.
 

 As the proper construction of section 6 of Act 187 of 1920 is clear, and shows, without doubt, that interest on all deferred payments permitted therein is fixed at 6 per cent, per annum, and that no discretion is allowed a municipality as to the rate of interest, respondent officer violated his plain duty in refusing to accept the notes or certificates tendered to him by relator in this case, and the writ of mandamus issued properly in the lower court to compel the performance of this duty by said officer.
 

 It is therefore ordered that the judgment of the Court of Appeal for the parish of Cad-do be annulled and reversed.
 

 It is now ordered that the judgment of the district court of said parish rendered herein be reinstated and made the judgment of this court.