HIGGINS, Justice.
 

 Relator petitioned the judge of division A of the Nineteenth judicial district court of Louisiana for the parish of East Baton Rouge to fix the bond of W. C. Evans, appointed by relator, in accordance with section 2 of Act No. 300 of 1910, as special agent to assist him in the liquidation and distribution of the assets of the Union Bank & Trust Company.
 

 On August 14, 1935, Hon. W. 'Carruth Jones, judge presiding over said court, refused to fix the bond, and assigned as his reasons therefor, in effect, that relator, in his official capacity as state bank commissioner, entered into a contract with the Reconstruction Finance Corporation in consideration of a loan to the - bank in liquidation, wherein the authority to select the liquidator of the bank was delegated to the Reconstruction Finance Corporation, and that to permit the relator to appoint a special agent in connection with the liquidation of the Union Bank & Trust Company, “in place of the liquidator,” to be designated by the Reconstruction Finance Corporation under the terms of the contract, would abrogate the contract, which could not be done without making the Reconstruction Finance Corporation a party to the proceedings and the matter passed on contradictorily. The case is now before us for review upon the application of relator for a writ of mandamus.
 

 A careful reading of the documents and record referred to by the respondent judge does not reveal any stipulation which could be construed to have the effect of relinquishing the power and authority delegated to the state bank commissioner by Act No. 300 of 1910 in favor of the Reconstruction Finance Corporation. The liquidation proceedings were instituted in
 
 *271
 
 accordance with the' provisions of Act No. 300 of 1910, and Richard J. Hummel was elected liquidator by" the board of directors of the Union Bank & Trust Company under the provisions of the statute,
 
 subject to the approval of the state bank commissioner (relator), to have
 
 equal authority with the state bank commissioner, or his
 
 agent, in the sale or disposition of the assets of the bank,
 
 in which capacity he served until his resignation, which took effect on August 14, 1935.
 

 The construction placed on the contract by the district judge in - effect divests • the state bank commissioner of his office, in so far as this particular bank is concerned. It would seem to us that a court would be justified in reaching that conclusion only in a case where there was a clear and expressed clause in the contract surrendering the duties imposed upon the bank commissioner by law and a definite provision in the statute authorizing such a delegation of power and authority.
 

 Sectiop 1 of Act No. 300 of 1910 provided :
 

 “Whenever the State Examiner, of State Banks (State Bank Commissioner, Act 255 of 1928) shall have reason to conclude after investigation that any such corporation is in an unsound or unsafe condition to transact the business for which it was organized; or that it is unsafe, inexpedient or hazardous for it to continue business, then the State Examiner of State Banks with the consent and approval of the Governor wherever practicable may and is hereby authorized to close the bank forthwith and take possession of its books, property and affairs and retain such possession until its affairs are finally liquidated as hereinafter provided for. * * * The board of directors of any bank placed in liquidation as provided for in this Section, shall have the right to appoint, with the approval of the State Examiner of State Banks one liquidator,
 
 to assist the State Examiner of State Banks in the duty of liquidation and distribution, and said liquidator shall have equal authority with the State Examiner of State Banks or the Special Agents appointed by the State Examiner of State Banks
 
 in selling and disposing of the assets of the corporation under liquidation.”. (Italics ours.)
 

 And section 2 of the act reads:
 

 “That the State Examiner of State Banks may appoint one or more Special Agents to assist him in the duty of liquidation and distribution. The certificate or certificates of such appointment or appointments shall be filed in the office of the State Examiner of State Banks and certified copies of same in the office of the Clerk of Court of the Parish of the domicile of the corporation under liquidar tion.
 
 Such special agents shall be required, on the petition of the State Examiner of State Banks to the District Court of the Judicial District in which the corporation under liquidation is located, to give such bonds in .such manner as. is required by law in judicial liquidations.”
 
 (Italics ours.).
 

 Act No. 75 of 1932, authorizing loans to be made by banks in liquidation, does
 
 *273
 
 not in any way repeal or abrogate the provisions of Act No. 300 of 1910, for the title of the act reads as follows:
 

 “An Act to authorize the State Bank Commissioner
 
 and a Liquidator, if any,
 
 with the approval of the District Court to negotiate loans on assets of banks in process of liquidation.” (Italics ours.)
 

 “It is well settled that mandamus lies to compel performance by a public officer of a plain duty, made ministerial by the provisions of a statute,” Cook v. City of Shreveport, 163 La. 518, 112 So. 402, 404.
 

 Article 837, Code of Practice, reads:
 

 “It [order of mandamus] may be directed more particularly to judges of inferior courts, commanding them to render justice and to
 
 perform the other duties of their office comformably
 
 to law.” (Brackets ours.)
 

 See, also, article 7, § 10, Constitution of 1921.
 

 We are, therefore, of the opinion that it is the mandatory duty of the judge of division A of the Nineteenth judicial district of Louisiana, the domicile and location of the Union Bank & Trust Company, in liquidation, to fix the amount of the bond of a special agent, duly appointed by the state bank commissioner to assist in the liquidation and distribution of the assets of the bank, in view of the provisions of Act No. 300 of 1910 and section 2 of Act No. 26 of 1900.
 

 It is ordered, adjudged, and decreed that a writ of mandamus issue herein, directed to the respondent judge, Hon. W. Carruth Jones, judge of division A of the nineteenth judicial district court of Louisiana, commanding and directing him to fix the amount of the bond of W. C. Evans, special agent, appointed by the state bank commissioner to assist him in the liquidation of the assets of the Union Bank & Trust Company, in liquidation, in accordance with law.
 

 O’NIELL, C. J., is of the opinion that the Reconstruction Finance Corporation should have been made a party to this proceeding, as suggested by the judge of the district court.
 

 FOURNET, J., takes no part.