Plaintiff, Warren Realty Company, Inc., prays for a writ of mandamus to compel the defendants, the State Tax Collector for the Parish of Orleans, George Montgomery, and the Assessor of the Second Municipal District of the Parish of Orleans, Claude Mauberret, to give their approval and verification to an affidavit requesting the cancellation of a tax sale to the State of Louisiana for state taxes for the year 1934, on the ground that the property was erroneously assessed in the name of G. Sciaccaluga, who for many years had been dead, when the tax sale was consummated.
The State Tax Collector filed exceptions of no right or cause of action, non-joinder of parties defendant, estoppel and mistaken remedy. The Assessor of the Second Municipal District filed exceptions of no right or cause of action, non-joinder and misjoinder of parties defendant, prescription, vagueness and estoppel.
From a judgment in favor of the State Tax Collector maintaining his exception of no right or cause of action and dismissing plaintiff's suit and in favor of the Assessor of the Second Municipal District maintaining his exceptions of no right or cause of action and prescription and dismissing plaintiff's suit, plaintiff prosecutes this appeal.
The record reflects that on or about February 9, 1948, plaintiff, presumably acting in conformity with Act No. 113 of 1938, requested the Register of the State Land Office to cancel a tax sale and adjudication made to the State of Louisiana for delinquent taxes for the year 1934, on the property, which is fully described in plaintiff's petition, and consists of a certain lot of ground, together with all the buildings and improvements thereon, situated in the Second District of the City of New Orleans, in Square No. 26, bounded by Decatur, Chartres, Wilkinson (formerly Jefferson) and Toulouse Streets. Thereafter the Register of the State Land Office furnished plaintiff with a form of affidavit to be prepared and signed by it and to be approved and verified by the State Tax Collector for the Parish of Orleans and the Assessor of the Municipal District in which the property is located. The affidavit, allegedly in conformity with Act No. 113 of 1938, reads:
"Act 113 of 1938
"Section 1. Be it enacted by the Legislature of Louisiana, That Section 68 of Act 170 of 1898 (as amended by Act 315 of 1910, Act 41 of 1912, Act 26 of 1922 and Act 101 of 1932) be amended and reenacted so as to read as follows:
" 'Section 68. That upon the statement of the facts, made under oath, and verified and approved by the Assessor and Collector of the Parish or District in which the property is situated, that the assessment is a clerical error, or an erroneous or double assessment, or that the property is exempt by the Constitution from taxation, the said affidavit being accompanied by the rendition made by the taxpayer on said property for the current year, the Louisiana Tax Commission may authorize and direct the Collector to cancel the assessment on the roll on file in his office, and when such notification is issued a copy shall be furnished to the Auditor who shall authorize and direct the recorder of mortgages to erase and cancel the inscription of *Page 35 
the tax mortgage; provided, that if the property be owned by the State of Louisiana, any of its agencies or political subdivisions, any town of municipality, it shall not be necessary to secure the verification and approval of the Assessor and/or the Collector of the Parish or District, a statement of the facts by an authorized officer, under oath, shall be sufficient. In case the property has been sold for taxes and adjudicated to a third party the Auditor shall authorize and direct the Recorder of Conveyances to cancel the sale. In case, however, the property has been bid in for the adjudication to the State, the Register of the State Land Office shall cancel the sale upon his records and direct the Recorder of Conveyances to cancel the act or deed of adjudication upon his records. All costs and fees entailed by said erroneous or double assessment shall be deducted from the amount coming to the Assessor upon any settlement made with him by the State for his compensation under Sections Two and Three of this Act.'
"State of Louisiana Parish of Orleans
"Before me, the undersigned authority, personally came and appeared:
"Emile M. Doll, President of the Warren Realty Company, Inc.,
"Whose assessment appears on Page . . . of Ward . . . of the Parish of . . . who, being duly sworn, desposes and says:
"Lot 3, Square 26, Second District, New Orleans, was bought by G. (Guiseppe) Sciaccaluga, May 1, 1886, C.O. Bk. 123, fo. 957. Property thereafter and up to the present time, was and is assessed in name of G. Sciaccaluga. Guiseppe Sciaccaluga died December 18, 1914. His Succession was settled under No. 110,924 Civil District Court Orleans Parish, and his three children and sole heirs, namely, Joseph J. Sciaccaluga, Miss Marie Louise Sciaccaluga and Angelo Sebastian Sciaccaluga, were sent into possession and recognized by judgment rendered January 6, 1915, and contemporaneously registered in the Conveyance Office for the Parish of Orleans, Book 273, Folio 272. The property still assessed in the name of G. Sciaccaluga, although the ownership of the three heirs and owners was duly of record in the Conveyance Office since 1915, was adjudicated, for the 1934 taxes, to the State of Louisiana. Recently (on May 26, 1947, C. O. Bk. 548, fo. 512, and on January 21, 1948, C. O. Bk. 556, fo. 478) the Warren Realty Company, Inc., acquired the property from the Heirs of Sciaccaluga. This property is improved, the building thereon bearing Municipal No. 613 Decatur Street, and has been constantly in the actual, physical and corporeal possession originally of Guiseppe Sciaccaluga, thereafter of the heirs, and now of the present owner Warren Realty Company, Inc.
"Warren Realty Company, Inc.
by (Signed Emile M. Doll, President (signature of Taxpayer or Agent)
"Sworn to and subscribed before me this 28th day of February, 1948
"(signed) Marion G. Seeber
"Notary Public
"Approved ____________________ "Assessor
"Approved ____________________________ "Sheriff and Tax Collector."
Plaintiff submitted the above affidavit to the respective defendants for their verification and approval, which defendants refused to sign.
Plaintiff contends that the property in question originally belonged to Guiseppe Sciaccaluga and his wife, Filomena Cuneo, and on their death, it was inherited in equal proportions by their three children, namely, Angelo Sebastian Sciaccaluga, Joseph John Sciaccaluga and Marie Louise Sciaccaluga, as will appear from the judgment rendered and signed on January 6, 1915 in the Succession of Mr. and Mrs. Guiseppe Sciaccaluga, No. 110,924 of the docket of the Civil District Court for the Parish of Orleans, which judgment was registered in COB 273, Folio 272; that thereafter, by virtue of a sale, duly registered in the Conveyance Office for the Parish of Orleans, Joseph John Sciaccaluga sold his one-third interest in the said property to his brother and sister, namely, Angelo Sebastian Sciaccaluga and Marie Louise Sciaccaluga, who became owners in equal proportions of the said property. Subsequently, Marie Louise Sciaccaluga *Page 36 
died and her brother, Joseph John Sciaccaluga, was recognized as her sole heir and as owner of an undivided one-half interest in the said property, as appears from a judgment rendered and signed on March 9, 1934, in the Succession of Marie Louise Sciaccaluga, No. 206,430 of the Docket of the Civil District Court for the Parish of Orleans, and registered in COB 475, Folio 604. At the death of the said Joseph John Sciaccaluga, his undivided one-half interest in the said property passed to his widow, Mrs. Noelie Barre O'Donnell Sciaccaluga, as appears from the judgment rendered and signed on May 10, 1940, in the Succession of Joseph John Sciaccaluga, No. 225,234 of the Docket of the Civil District Court for the Parish of Orleans and registered in COB 509, Folio 289.
Plaintiff herein, Warren Realty Company, Inc., acquired an undivided one-half interest in the said property on May 26, 1947, by purchase from Mrs. Noelie Barre O'Donnell Sciaccaluga by act under private signature. The sale was registered in COB 548, Folio 512. Subsequently, the plaintiff acquired the other undivided one-half interest in the said property on January 31, 1948, by purchase from the Succession of Angelo Sebastian Sciaccaluga, then under administration in the Civil District Court for the Parish of Orleans, No. 184,642. The act of sale was under private signature and was registered in COB 566, Folio 478.
Plaintiff alleges that the property in question was erroneously assessed in the year 1934 in the name of G. Sciaccaluga and that the said G. Sciaccaluga had died on December 18, 1914 and that judgment had been rendered on January 6, 1915, sending his three heirs named hereinabove, into possession of the said property, and that the said judgment was, at that time, placed of record in COB 273, Folio 272, and that the Assessor for the Second Municipal District for the Parish of Orleans was notified that the three heirs were the owners of the property and beginning with the assessment for the year 1916, the said property should have been assessed in the name of the said three heirs, namely, Angelo Sebastian Sciaccaluga, Joseph John Sciaccaluga and Marie Louise Sciaccaluga, its co-owners of record, but, on the contrary, it appears that the assessment of the said property remained in the name of G. Sciaccaluga and was never put in the name of the said legal owners. That thereafter the "assessment for the year, 1934, in the name of the said S. Sciaccaluga was illegal and without effect, and the sale of the said property to the State of Louisiana for taxes for the year of 1934, based on the said alleged assessment was null and void."
Plaintiff filed a supplemental and amended petition affirming all of the allegations of the original petition and further alleged that the said tax sale in question "was made without notice to the owners of the property and was null and void".
The only question posed by the exceptions of no right and no cause of action and the petition of plaintiff is whether a writ of mandamus will lie to compel the State Tax Collector and the Assessor of the Second Municipal District to verify and approve the facts contained in the affidavit referred to hereinabove.
Plaintiff contends that Act No. 113 of 1938 gives it the right to request the verification and approval of the relevant facts by the respective defendants and, since it is admitted that the defendants refused to verify, approve and sign the affidavit, a mandamus is clearly authorized. Plaintiff further contends that his petition requesting that the defendants verify and approve the facts, and otherwise comply with the terms of the statute, disclosed a cause of action and that, since the petition and affidavit thereto attached furnished sufficient information to indicate that plaintiff was the owner of the property of public record, the said petition disclosed a right of action on the part of plaintiff and, in the final analysis, mandamus was the proper remedy for plaintiff to pursue.
In our opinion the exceptions of no right and no cause of action pleaded on behalf of the respective defendants herein are well founded.
A public officer cannot be required, by mandamus, to perform an official duty where he is vested with a certain amount of discretion and judgment as to the *Page 37 
manner and the necessity of the performance of such a duty. This writ of mandamus is not commanding the respective defendants to verify and approve facts appearing on the official records of their respective offices. If that were the case, a writ of mandamus would lie to compel them to perform a purely ministerial duty under Act No. 113 of 1938, inasmuch as this duty would be fixed by law and its performance would be made mandatory on the officers in question even though the statute may require, in some measure, a construction of the law and a determination of a question of fact as to whether or not the duty is to be performed. Code of Practice Articles 830 and 834. Cook v. City of Shreveport, 163 La. 518, 112 So. 402.
However, in the instant case, the plaintiff is attempting to compel, by virtue of a writ of mandamus, the performance of a purely discretionary act on the part of the State Tax Collector and the Assessor of the Second Municipal District, in that these respective public officials are being requested to verify and approve facts contained in the affidavit in question, which facts cannot be verified and approved from the records of their respective offices.
In the final analysis, the defendants herein are being requested, by virtue of the affidavit in question, to verify and approve that "Guiseppe Sciaccaluga died December 18, 1914. His Succession was settled under No. 110,924 Civil District Court Orleans Parish, and his three children and sole heirs, namely, Joseph J. Sciaccaluga, Miss Marie Louise Sciaccaluga and Angelo Sebastian Sciaccaluga, were sent into possession and recognized by judgment rendered January 6, 1915, and contemporaneously registered in the Conveyance Office for the Parish of Orleans, Book 273, Folio 272. * * * Recently (on May 26, 1947, C. O. Bk. 548, fo. 512, and on January 21, 1948, C. O. Bk. 556, fo. 478) the Warren Realty Company, Inc., acquired the property from the Heirs of Sciaccaluga. This property is improved, the building thereon bearing Municipal No. 613 Decatur Street, and has been constantly in the actual, physical and corporeal possession originally of Guiseppe Sciaccaluga, thereafter of the heirs, and now of the present owner Warren Realty Company, Inc."
Obviously the verification and approval of the foregoing facts would involve an exercise of discretion on the part of the defendants herein and, if there is discretion in a public official, in the sense that he, in his judgment, may or may not perform the act which is demanded of him, then mandamus will not lie, for mandamus will lie only where it is to compel public officials to perform a clear and unadulterated ministerial duty.
Inasmuch as we are of the opinion that the exceptions of no right and of no cause of action filed on behalf of the respective defendants are well founded, we find it unnecessary to pass upon the plea of prescription.
For the reasons assigned the judgment appealed from insofar as it dismisses relator's petition is affirmed. Relator to pay all costs.
Affirmed.