HENRY F. TURNER, Judge pro tern.
The plaintiff brought this suit against Naomi M. Drake, Director of the Bureau of Vital Statistics for the Parish of Orleans, and Richard A. Dowling, District At *340 torney, to have his birth registration record changed by showing him to be white instead of colored and to change his name from Larry Lille Toledano to Larry Lille Mullet. He alleged that he was born to Idyl D. Hall on March 4, 1937, seventy-eight days after his mother’s marriage to Chester J. Toledano. He alleged that he was of the white race; that his father is Edwin J. Mullet, who was married to his mother at the time of his conception; that liis mother married Chester J. Toledano on January 11, 1937, and that she obtained a divorce from Edwin J. Mullet on December 16, 1953 (obviously the pleader meant 1936 as shown by the judgment hereinafter referred to).
In his prayer, he asks that his name be changed from Larry Lille Toledano to Larry Lille Mullet, that he be decreed to be the child of Edwin J. Mullet, that his ■said birth certificate be changed to show him to be of the white or Caucasian race and further that after these changes are made, Naomi M. Drake be ordered to furnish him with a certified copy of the birth record reflecting such changes.
Richard A. Dowling, District Attorney, did not answer this suit, nor is there any evidence in the record of a default having been entered against him. The defendant, Naomi M. Drake, did not answer this ■suit, nor is there any evidence in the record of a default having been entered against her. The City of New Orleans filed an answer, presumably on behalf of its Director of the Bureau of Vital Statistics.
Despite the fact that no answers were filed, nor the case put at issue otherwise, the Judge of the lower Court heard the evidence and entered a judgment as prayed for by plaintiff. No appeal was taken from this judgment, and it became final.
Naomi M. Drake, in compliance with this judgment, scratched through the name To-ledano on the birth certificate and wrote in red ink, long hand, “Mullet”. She scratched the word colored and wrote in red ink “white”. She scratched the name of the father, Chaester Joseph Toledano and inserted the name “Edwin J. Mullet” in red ink. She also scratched the abbreviation for Louisiana, “La.”, the age, 23 and the occupation, “paper carrier” with red ink. She then inserted “altered 6/14/62 by court order — N.O. Civil Dist. Court # 395-651, Div. “C”, signed May 4, 1962 Judge F. J. Cassibry” and furnished copies to the plaintiff in accordance with the judgment.
Plaintiff, being dissatisfied with the manner in which the records were changed, filed a rule for contempt on Naomi Drake and prayed for a writ of mandamus ordering her to erase and completely obliterate the word “colored” from the face of the records. A hearing was had on this rule, and the Court entered a judgment on the rule ordering that the record be corrected to erase to such a point that only the word white showed on said records. He further ordered that the defendant, Naomi M. Drake, furnish two certified, photostatic copies of the birth certificate of Larry Lille (Toledano) Mullet and Terry Lee (Toledano) Mullet reflecting the change required by this judgment. He continued the rule for contempt indefinitely. It is from this judgment the defendant, Naomi M. Drake, has appealed.
Conceding by some stretch of the imagination that the defendant is properly before the Court, having never answered and no default having been entered against her, we are of the opinion that she has substantially complied with the original judgment of the Court ordering her to change the birth records to reflect the matters requested by plaintiff.
Further discrepancies, which are obvious on a casual consideration of the record as filed in evidence, are a birth certificate purporting to be that of Chester J. Toledano showing him to be colored. This birth certificate, however, is for Chester Chrysan-thus Toledano. The birth record of Larry Lille Toledano shows the father to be Chaester Joseph Toledano. There is a *341 ffiirth certificate in the record purporting ■to be that of Edwin J. Mullet, but the 'birth certificate is of Edwin Anthony Mullet. There is a marriage certificate of Chester J. Toledano to Mrs. Idyl D. Hall. 'There is a certified copy of a judgment for -divorce in favor of Mrs. Idyl D. Hall ■against Edwin J. Mullet dated December 16, 1936 (not 1953). There is a marriage ■certificate in the records showing a marriage between Edwin A. Mullet (not Edwin J. Mullet) and Idyl D. Hall.
 Mandamus will only lie against a public official refusing to carry out his ministerial duties incumbent upon him by virtue •of his office. LSA-C.C.P. arts. 3861-.3864; Cook v. City of Shreveport, 163 La. 518, 112 So. 402. This is certainly not such a case, and it is our opinion that -mandamus does not lie. There is no specified way of changing a birth certificate, and when Mrs. Naomi M. Drake changed the certificate in compliance with the judgment -of the Court, we think that she, as previously stated, has substantially complied and that nothing further is required of her. The Judge, in his Reasons for Judgment, points out that the plaintiff is either “white” or “colored”, and if both designations remain to be seen, although the “colored” is scratched out, it will forever create a situation requiring an explanation by the plaintiff. A casual examination of the original birth certificate reveals the word “COLORED” was written over an erasure, which appears to be an erasure of the word “WHITE”.
It is our opinion that no amount of obliteration or erasure on the birth certificate will erase or change the fact that the plaintiff was registered at birth as colored. It is an unfortunate mistake that was made, and the harm has been done over a period of the years from his birth until this suit was brought. To effectively wipe out all evidence of the error, it would be necessary to expunge the records of this case, records which will be published as a result of this opinion and all other records bearing on or pertaining to the erroneous registration. The fact that the registrar made the notation, which she was required by law to do, designating the reasons for the change, accentuated and called vividly to the attention of any person interested to check on the birth records of this plaintiff and this law suit. The fact is exemplified by the pleadings and the court records.
LSA-R.S. 40:154 provides that:
“In the parish of Orleans, all certificates of birth or death shall be typewritten in black type or written legibly in durable black ink.”
It is our appreciation of the reason for this rule to be that certain types of ink do not show on photostatic copies, and although the photostatic copies filed herein picked up the red ink without difficulty, the registrar has not complied with the law and should do so for the reason assigned.
In the District Court’s judgment on the contempt rule, he ordered two birth certificates to be issued for Larry Lille Toledano and Terry Lee (Mullet) Toledano. There was no evidence of Terry Lee (Mullet) Toledano being in the case whatsoever. Of course, this order in the judgment appeared to be a gratuity on the part of the District Judge as no evidence appeared in the record to justify same.
The judgment of the District Court on the contempt rule is, therefore, reversed, and said rule is recalled, and defendant discharged on her complying with the law by making the changes in black ink as required.
Reversed with instructions.