REGAN, Judge.
The plaintiffs, Gerard H. Cline, Sr., for and on behalf of his minor children, Gerard H. Cline, Jr., and Bonnie Ann Cline, Elaine Mary Dejean, wife of Gerard H. Cline, Sr., Sidney Dejean, Jr., for himself and for and on behalf of his minor son, Sidney Dejean, III, Marguerite Estelle Dejean, Dejean, Jr.’s, sister, Lionel Rosenblum, Sr., for and on behalf of his minor children, Lionel Rosenbohm, Jr., Charmaine Rosen-bohm, and Kathleen Rosenbohm, filed this mandamus suit endeavoring to compel the defendant, the Department of Vital Statistics of the City of New Orleans, to amend the birth certificates, or issue new ones if necessary, to all of the plaintiffs, together with the birth and death certificates of Sidney Joseph Dejean, Sr., the common ancestor of the Dejean family, so that the word “Negro” will not appear on the face thereof. They explained that lines were drawn through the word “White” on the original certificates and “Negro” was written in its place by someone whose identity is unknown and that the changes were made without any documentary or sworn evidence acceptable as a basis for such alteration. This error has been partially corrected by drawing lines through the word “Negro” and writing “White”; however, the plaintiffs contend that these alterations appearing on the certificates create doubt as to their race. They insist that the alterations were made as the result of an error or the maliciousness of an employee of the Department of Vital Statistics and through no fault of their own.
The defendant, the Bureau of Vital Statistics of the City of New Orleans, in answering the foregoing suit, pleaded the exceptions or no right or cause of action, predicated upon its contention that the plaintiffs are not entitled to the relief sought, and that the Bureau may alter a certificate, but the original certificate may not be destroyed and a new or clean certificate issued in its place.
After a hearing in the trial court, during the course of which all pertinent facts hereof were stipulated, the judge thereof overruled the exception of no right of action and sustained the exception of no cause of action and dismissed the plaintiffs’ suit at their costs, and from that judgment, they have prosecuted this appeal.
*858 The record discloses that Gerard H. Cline, Sr., requested a birth certificate for his son, Gerard H. Cline, Jr., for use in enrolling him in school. At that time, he was informed that the boy’s race had been changed from white to Negro, and also, that the same change was made on the birth certificates of his wife, Elaine Mary Dejean, her sister, Marguerite Estelle De-jean Rosenbohm, their brother, Sidney De-jean, Jr., their children, Lionel Rosenbohm, Jr., Charmaine Rosenbohm, Kathleen Ros-eribohm, and Sidney Dejean, III, and the birth and death certificates of the children’s grandfather, Sidney Joseph Dejean, Sr. The alterations were made by drawing lines through the word “White” which appeared on the original certificates and the word “Negro” was written in ink to designate their race. These alterations occurred without the knowledge of any of the plaintiffs, and the person who made the changes and the reason therefor are both unknown.
After this suit was filed, various documents were presented to- the representatives of the defendant to establish the fact that the race of the plaintiffs was white. The defendant conceded that the alterations were made in error, and it voluntarily changed the certificates by drawing lines through the word “Negro” and writing the word “White” thereon; however, the word “Negro” remained clearly legible on the certificates. The name, Dejean, was also erroneously changed to De Jan; however, no complaint with respect thereto has been posed for our consideration by virtue of this suit.
The plaintiffs contend that the appearance of the word Negro on their certificates casts doubt as to their race and serves to plague them with the necessity for an explanation thereof for the remainder of their lives, through no fault of their own and resulting entirely from either the error or malicious act of some individual who was charged with the obligation of preserving the vital statistics records in their correct form, and for these reasons, they insist that they are entitled to clean birth and death certificates.
The defendant, on the other hand, maintains that the rationale emanating from the case of Toledano v. Drake[1] is applicable hereto and that, in its opinion, the holding thereof is to the effect that while a birth certificate may be altered, the original certificate may not be destroyed and a new certificate issued in its place. The defendant also points to Louisiana Revised Statute 40:154 in support of its position which reads:
“In the parish of Orleans, all certificates of birth or death shall be typewritten in black type or written legibly in durable jet black ink.”
The defendant is of the opinion that the legislative intent in enacting this statute was so that the original certificates would never be destroyed, although they may be altered to effect corrections.
A thorough analysis of the “State Vital Statistics Law” discloses no provision for the issuance of a new birth or death certificate except in the instances of adoption [2] and legitimation of children.[3] Both statutes provide that the original birth certificate and the evidence upon which the new certificate is issued be sealed and filed and opened only upon order of a court of record.
There is no specific method prescribed for alteration of other certificates after registration. The article pertaining to alterations, Louisiana Revised Statute 40:266 provides that:
“No certificate or record on file in the local registrar’s office shall be altered except upon submission of sufficient documentary or sworn evidence acceptable as the basis of the alteration.”
*859 In the Toledano case,[4] Larry Lille Toledano sought to have his name changed to Larry Lille Mullet, insisting that he was conceived during the marriage of his mother to Edwin J. Mullet, a white man, and that his birth certificate which revealed his father to be Chester J. Toledano, his mother’s second husband, was in error. He also sought to have his race changed to white since both his mother and father were white. In compliance with an order of the lower court, Mrs. Naomie M. Drake, who was then Supervisor and Deputy Registrar of the Bureau of Vital Statistics of the City of New Orleans, made the corrections by drawing a line or lines through the word “colored” and wrote in red ink “white”. Mrs. Drake also wrote on the certificate in red ink that the alterations were made in compliance with an order of court. Toledano also sought to have his birth certificate cleared of any reference to his race being Negro. On appeal, this Court reasoned that there was no specific method prescribed by our statutory law for changing a birth certificate, and that the manner in which Mrs. Drake altered the plaintiff’s certificate was sufficient compliance with the original judgment so as to avoid being guilty of contempt of court. She was, however, compelled to make the corrections in black ink rather than red in conformity with the requirements of Louisiana Revised Statute 40:154, which reads:
“In the parish of Orleans all certificates of birth or death shall be typewritten in black type or written legibly in durable j et black ink.”
The lower court, in this case, offered no written reasons in support of its judgment; however, in its notes of evidence and in the course of oral argument, the judge thereof expressed the opinion that he considered himself bound by the rationale emanating from Toledano v. Drake[5] and accordingly dismissed the plaintiffs’ suit.
We are of the opinion that the two cases are quite distinguishable. In Toledano, the original certificate was in error through no fault of the Bureau of Vital Statistics. The facts contained therein were exactly as it had been presented to the Bureau by the interested parties, and the alterations sought were upon the request of the plaintiff and were made after he offered evidence to show the incorrectness of the original certificate. We might add as an additional distinction that we entertain some doubt about the ratio decidende of the Toledano case.
In this case, the defendant concedes that the change from white to Negro should not have been made. The change was made by someone employed in the defendant’s office, whose identity is not known to either the defendant or the plaintiffs and, to reiterate, not one scintilla of evidence was offered in support of the alterations, which is an absolute requirement of Louisiana Revised Statute 40:266, which we have referred to elsewhere herein.
That doubt is cast upon the validity of altered certificates is evident by virtue of the provisions of Louisiana Revised Statute 40:159, which reads:
“A. Except for delayed or altered certificates, every original certificate on file in the division of public health statistics is prima facie evidence of the facts therein stated. * * *
“The admissibility in evidence of a delayed or altered certificate is subject to the discretion of the court, judicial or administrative body, or official to whom it is offered as evidence.” (Emphasis added.)
In view of what we have said herein-above, we are of the opinion that since neither the statutory law nor the jurisprudence emanating from the appellate courts of Louisiana prohibit it, nor is a method prescribed therein for altering a birth or death certificate, the plaintiffs are entitled, by virtue of the facts hereof, to clean birth *860 and death certificates without the word “Negro” appearing therein.
For the foregoing reasons, the judgment of the lower court is affirmed insofar as it overruled the exception of no right of action, and it is reversed insofar as it sustained the exception of no cause of action and dismissed the plaintiffs’ suit. The defendant is hereby ordered to issue new or clean birth certificates, which do not show the word “Negro” thereon, to Gerard H. Cline, Jr., Bonnie Ann Cline, Elaine Mary Dejean, Sidney Dejean, Jr., Sidney Dejean, III, Marguerite Estelle Dejean, Charmaine Ros-enbohm, Lionel Rosenbohm, Jr., Kathleen Rosenbohm, and to issue new or clean birth and death certificates for Sidney Dejean, Sr.
Affirmed in part, reversed in part.

. La.App., 161 So.2d 339 (1964).

. La.R.S. 40:209.

. La.R.S. 40:308.

. 161 So.2d 339 (1964).

. 161 So.2d 339 (1964).