LANDRY, Judge.
Defendant, Lafourche Parish Police Jury (Appellant), appeals from judgment mandating it to furnish plaintiff with the form of a petition proposing electoral repeal of Ordinance Number 1183 and Number 1184, Lafourche Parish, pursuant to Article VI, Sections A and B, Home Rule Charter of the Parish of Lafourche. We affirm.
Pertinent Sections A and B provide as follows:
“Section A. General
The qualified electors of the parish shall have the power to propose to the governing authority passage, amendment or repeal of an ordinance and to vote on the question if the governing authority refuses to take the proposed action. This power shall not extend to the proposing or repealing of an ordinance affecting revenues, budget, salaries or bonded indebtedness.
Section B. Procedure
This power shall be exercised in the following manner:
*988 1. Any qualified elector may submit the proposal to the governing authority which shall specify within thirty days a form of petition for circulation. The petition shall contain the full text of the proposed ordinance.” (emphasis added)
On October 11,1978, plaintiff submitted a proposal to Appellant, as governing authority of Lafourche Parish, for the repeal of subject ordinances and simultaneously requested that Appellant provide plaintiff with the petition form provided for by Article VI, Section B, above.
Ordinance 1183 is a general enactment providing for the establishment and implementation of a comprehensive solid waste management system for the collection and disposal of solid waste generated by residential and commercial units within the parish. It requires mandatory participation, with exceptions not pertinent herein. Ordinance 1183 also authorizes Appellant to impose a monthly service charge upon those receiving the benefits of such services. Ordinance 1184 establishes service charges for the various wards in Lafourche Parish and provides for penalties for failure to pay assessed charges.
Appellant declined to furnish the requested petition within the thirty-day period. The refusal was based on the contention that the subject ordinances affect revenues and budgetary matters and, consequently, the referendum provisions of Article VI are inapplicable. Plaintiff’s mandamus proceeding ensued.
An exception of no cause of action filed by Appellant was overruled by the trial court. The exception addressed itself, inter alia, to plaintiff’s capacity to institute an action of mandamus. In a well reasoned written opinion, the trial court ordered Appellant to specify the requested petition form pursuant to Article VI, Section B of the Lafourche Parish Home Rule Charter.
The principal issues presented are: (1) Whether a mandamus action may be properly brought against Appellant as governing authority of Lafourche Parish inasmuch as Appellant is not a “public officer” as contemplated by La.C.C.P. Article 3863; (2) Does plaintiff, a qualified elector having no special or peculiar interest different from any other citizen in Lafourche Parish, have the capacity or standing to bring a mandamus action to compel Appellant, as parish governing authority, to commence proceedings for the proposed repeal of subject ordinances; and (3) Whether subject ordinances affect revenue and/or budgetary concerns, and are therefore exempt from referendum provisions contained in Article VI, Sections A and B, Lafourche Parish Home Rule Charter. We consider the issues in the order presented.
La.C.C.P. Article 3863 provides that a “writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law . . .” Appellant maintains that mandamus will not lie against it as a public body, citing State v. City of New Orleans, 209 So.2d 141 (La.App. 4th Cir. 1968). The quoted authority involved a mandamus proceeding against the defendant municipality to compel issuance of a building permit. The action was dismissed on the grounds that:
“the City of New Orleans itself, as a corporate entity, is not subject to mandamus to compel the issuance of a building permit; that only the particular officer or department head charged with the duty of issuing such permits is so subject. The City Charter specifically charges the Director of the Department of Safety and Permits with this duty.”
The court, however, qualified its dismissal of the action against the city as follows:
“[I]t is clear that the City of New Orleans, as such, is subject to mandamus only in cases where the City as a corporate entity is charged by law with a specific ministerial duty to perform. The City as a corporate entity is nowhere charged with the duty of issuing building permits, only specific officers of the City are charged with this duty, and under LSA-C.C.P. Art. 3863 only these officers may be compelled by mandamus to issue such permits.
*989 ‘If a public duty is imposed on a public or private corporation generally, and not on a particular officer or board of officers, a party seeking to have that duty performed may proceed against the corporation as such. If, however, the duty is imposed on a particular officer or board of officers, the party seeking to have the duty performed must generally proceed against such officer or board of officers; . . . ’ 55 C.J.S. Mandamus § 50 at p. 85.”
In the instant matter, subject home rule charter provisions expressly charge Appellant, as governing authority, with the duty of specifying a form of petition for circulation among the electorate. Appellant is the governing authority on whom the duty is imposed. The obligation is not incumbent upon a particular officer or employee of Appellant but rather on Appellant itself.
Assuming, arguendo, the duty is purely ministerial and is not excluded by the pertinent charter provision itself, mandamus will lie against Appellant in this instance. Lyons v. Bossier Parish Police Jury, 262 So.2d 838 (La.App. 2d Cir. 1972).
We find no merit in Appellant’s contention that plaintiff lacks capacity to sue because plaintiff asserts no special interest separate and apart from that of any other citizen in the parish. Preliminarily, we note that Appellant’s exception of no cause of action does not properly raise this particular question. Bamber Contractors, Inc. v. Henderson Brothers, Inc., 345 So.2d 1212 (La.App. 1st Cir. 1977). In any event, however, subject home rule charter expressly provides that “qualified electors” may propose repeal of an ordinance and obtain the prescribed proposal form from the parish governing authority. It is undisputed that plaintiff is a qualified elector of La-fourche Parish. Under the clear terms of the charter itself, plaintiff need only establish his status as elector to show sufficient interest to bring this action.
The issue of whether subject ordinances are exempt from the repeal provision in question was properly disposed of by the trial court for cogent reasons from which we quote with approval as follows:
“The defendant contends that the aforementioned ordinances are not subject to repeal under the provisions of Article VI for the reason that the said ordinances affect the revenues and budget of the governing authority and therefore they fall under the underscored exclusionary clause of section A.
“The plaintiff contends that the service charge imposed by Ordinance No. 1184 does not constitute revenues within the meaning of Article VI Section A for the reason that the word revenues as used therein refers only to taxes that the local governing authority may impose. In the alternative, plaintiff contends that although Ordinance No. 1184 imposes a service charge which may be considered as revenues within the meaning of Article VI, Ordinance No. 1183 does not and, as such, the ordinances are severable and may be considered independently. The argument therefore, is that although Ordinance No. 1184 is subject to the exclusionary clause of section A, Ordinance No. 1183 is not, and therefore it is subject to repeal under the provisions of Article VI.
“It is well settled that in construing a statute the Court’s function is to discover and apply the intent of the legislative body. La.R.C.C. Article 18; Gautreau v. Board of Electrical Examiners, City of Baton Rouge, 167 So.2d 425 (La.App. 1st Cir. 1964). Further, a Court is constrained to such construction as will give it effect rather than render it meaningless. Jordan v. LeBlanc and Broussard Ford, Inc., 332 So.2d 534 (La.App. 3rd Cir. 1976); Peyrefitte v. Harvey, 312 So.2d 159 (La.App. 1st Cir. 1975), writ refused.
“In this respect it is apparent that the intent of the drafters of the Parish Charter in including Article VI was to provide the citizens of the Parish with the right to meaningful participation in the workings of the local government by affording them with a means and procedure of proposing the enactment, amendment or re *990 peal of an ordinance when the governing authority has refused to take the proposed action. An exception to this right is provided where the proposal would affect revenues, budget, salaries or bonded indebtedness because these are areas where a certain degree of stability is essential to insure the efficient and orderly management of government. However an unqualified construction of the exception, as is advanced by the defendant herein, would render the entire purpose of Article VI meaningless since the governing authority could effectively circumvent the rights accorded thereunder by the enactment of ordinances which couple the proposed legislation with “revenue producing” levies or charges which do not legitimately or seriously affect its revenues, budget, salaries or bonded indebtedness. Thus, such a construction would, in effect, read out of the charter the right which was originally intended to be granted and frustrate the purpose of a home rule charter.
“Thus, in order to give Article VI the effect that it was obviously intended to have, the Court finds that where an ordinance has as its primary objective the initiation of a program it is not subject to the exclusionary provision, and, where an ordinance has as its primary objective the generation of income or revenue or where it affects salaries and bonded indebtedness then it does fall under the exclusionary provision.
“Having carefully reviewed the ordinances under consideration herein, and construing them together, in pari mate-ria, as they must be construed, the court finds that both ordinances have one purpose as their primary objective, and that is, to initiate a comprehensive program for the collection and disposal of solid waste in Lafourche Parish. The ordinances were not enacted primarily as a means of generating revenue.
“This conclusion is supported by the purpose clause of Ordinance No. 1183 which reads as follows:
‘Purpose: It is the purpose of this ordinance and it is hereby declared to be the policy of the Lafourche Parish Police Jury Solid Waste Management Area (hereinafter called Parish) to implement a comprehensive Solid Waste Management System to regulate the storage, collection, transportation, processing and disposal of solid wastes through mandatory participation in the Parish collection and disposal system, and prescribing penalties for violation of its provisions in a manner that will:
(a) protect the public health safety and welfare;
(b) prevent land, water or air polbution [sic];
(c) prevent the spread of disease and the creation of nuisances;
(d) conserve natural resources;
(e) enhance the beauty and quality of the environment.’
“It is therefore the holding of this Court that Ordinances 1183 and 1184 do not fall under the exclusionary clause of Article VI Section A and that the plaintiff herein is entitled to a writ of mandamus ordering the defendant to specify a form of petition for circulation within the meaning of Article VI Section B of the Lafourche Parish Home Rule Charter.”
Admittedly, Appellant’s duty to supply a petition of the nature involved herein depends upon the nature of the particular ordinance or ordinances sought to be repealed. It is elementary that each such instance must be determined in the light of the facts and circumstances of each case. We think it evident that when said duty is found to exist, it is purely ministerial in nature and mandamus will lie to compel its performance. Cook v. City of Shreveport, 163 La. 518, 112 So. 402 (1927); State v. Baynard, 15 So.2d 649 (La.App. 1st Cir. 1943). The duty exists in this case.
The judgment is affirmed at Appellant’s cost.
AFFIRMED.