BREAUX, C. J.
Erank J. Noullet is relator in mandamus proceedings to compel the recorder of mortgages to cancel a lien inscribed in favor of respondent, the Acme Lumber Company.
In the same petition relator further asks for judgment against the Acme Lumber Company and against the Title Guaranty Trust Company, security on its bond, in solido, for $10,000 for damages claimed against the former.
Noullet, the relator, entered into a contract with the board of commissioners of the Mc-Donogh school fund for the erection and completion of McDonogh School Building No.,. 31, on St. Ann street, hear Bayou St. John, for about $40,000.
Relator entered into three different contracts with the Acme Lumber Company, lumber manufacturers, whereby they became subcontractors under relator to furnish all factory work.
The contract of September 5,1904, contains the following clause:
“And will deliver said sash factory work free from all liens and claims for labor, material, drayage, and beltage charges.”
They in this contract also promise to—
“Satisfy any and all sums that may be due by us to subcontractors, furnishers of material, laborers, and other employés to be engaged in the contract of all the above sash factory work herein contracted for, including all damages, freight and beltage charges.”
Another contract, bearing the date of September 29, 1904, contains the following:
“Eree from all liens and claims for labor, material, freight, beltage, and drayage charges.”
In section 9 of the same contract it is repeated that the Acme Lumber Company shall satisfy all sums due or which might become due by the Acme Lumber Company to any subcontractor with whom they might contract for material, or for any sum due by them to laborers and other employés to be engaged in complying with their contract.
*461 And, lastly, in another contract it is again stated that the company will deliver—
“Free from all liens and claims for labor, material, freight, beltage, and drayage charges.”
Relator avers that the Acme Lumber Company has violated its subcontracts; that it has not carried out its obligations.
He further charges that the Acme Lumber Company has against relator inscribed upon the books of the recorder of mortgages their asserted liens and privileges and that by this inscription he has been damaged.
The recorder of mortgages, the Acme Lumber Company, and its security, the Title Guaranty Trust Company, interposed an exception of no cause of action.
In the answers filed, reserving their right as set up in their exceptions, they controvert relator’s right to have the registry of their lien canceled and erased, and they deny all of relator’s averments save those specially admitted.
The learned judge of the district court, after having heard evidence, recalled the writ of mandamus and dismissed relator’s suit.
The petition for damages beyond all question was properly dismissed. Relator has not pressed the claim for damages before this court. He has, we take it, accepted the ruling heretofore upon that branch of the case as correct. We only refer to it for the reason that it appears to us that relator’s claim and the counterclaims of the Acme Lumber Company can better be settled in a direct action. They involve the interpretation of contracts. The obligations of parties will have to ‘ be considered; the performance of work and the supplying of labor and materials, or the failure to perform work or supply materials under the terms of the contract, as the case may be.
The appearances are that they will furnish grounds for a pretty good sized and thoroughly litigated suit.
Besides, it is practical not to take two bites at a cherry.
If the issues now before us were passed upon, it would settle only partially the issues between the parties. In addition, we are not convinced that relator presents such a right as entitles him to a cancellation of the lien and privilege claimed by the Acme Lumber Company.
Relator’s contention is that the Acme Lumber Company has waived its lien and privilege, and invokes the clauses which we quote as establishing an absolute waiver.
This claim of waiver is controverted by the Acme Lumber Company.
We will not go into the merits of that question at this time and in these proceedings by mandamus. The court has some discretion in the matter. It will be governed by what seems necessary and proper to be done in the premises, for the purpose of justice.
It will not be issued in cases of doubtful right.
The legal right must be shown, “and it must appear that there is no other specific legal remedy to which he can resort for the enforcement of his remedy.” Woods on Mandamus, p. 17.
True, mandamus may be issued, at the discretion of the judge, even when a person has other remedy, if the slowness of ordinary legal form is likely to produce such a delay that the public good and the administration of justice will suffer by it. Code Prae. art 831.
We have no reason to infer that here such is the situation, and it seems to us that discretion is properly exercised by referring the parties to a direct action.
“Mandamus,” says Spelling in his treatise on Extraordinary Relief (volume 2, p. 1113), “is still, however, regarded as an extraordinary remedy, in the sense that it is resorted to only upon extraordinary occasions, and where the usual and ordinary modes and *462 forms of procedure are powerless to afford redress to the aggrieved party, and its use is necessary to prevent a failure of justice.”
It may be thought at first blush that relator will be in an ordinary suit in the position of defendant resisting the payment of the asserted claim of the Acme Lumber Company.
This does not necessarily have to be the case. He has alleged cause of action, if sustained, ample to stand in judgment as plaintiff.
In the interest of all parties a direct suit will afford the relief.
At any rate, we do not think we should sustain an application when it does not clearly appear that the party applying is entitled to it.
For reasons assigned, the judgment of the district court is affirmed.