FRUGÉ, Judge ad hoc.
These proceedings were instituted by a member of the Fire Department of the City of Baton Rouge, seeking to compel the Mayor-President and the members of the City Council to “conform with the provisions of L.S.A. Revised Statutes 33:1992, and to recommend, approve, appropriate and disburse, as may be necessary, the longevity or incentive pay increases required by said Act, effective from August 1, 1957.” Alleging that he could obtain “no relief by the ordinary means”, petitioner prayed for a writ of mandamus requiring the defendants to do and perform the multiple duties outlined above.
On the return day, the defendants filed and urged the following exceptions:
(1) An exception of no cause of action, predicated upon the contention that summary process could not “be used in an action of this nature”;
(2) An exception to the use of summary process; and
(3) An exception to citation, this exception being predicated upon the theory that plaintiff’s suit could only be by ordinary process and no citation as required by law had issued in these proceedings.
At the same time, and reserving their rights under the exceptions filed, the respondents filed an answer setting forth in substance that the provisions of LSA-R.S. 33:1992 did not apply to the City of Baton Rouge for the reason that the authority to prescribed rates of pay for the officers and employees of the Fire Department of the City of Baton Rouge had been vested by the provisions of Section 3(a) of Article 14 of the Constitution of Louisiana, LSA and by the provisions of the Plan of Government for the Parish of East Baton Rouge and the City of Baton Rouge solely in the City Council of the City of Baton Rouge. In the alternative, respondents demonstrated in their answer that the plaintiff was, in fact, receiving a rate of pay in excess of that required by the provisions of LSA-R.S. 33:1992, and further had been by Ordinance No. 720, adopted by the City Council of the City of Baton Rouge on January 1, 1958, granted a pay increase amounting to 4% of his previous rate of pay, and to this extent respondents had, in fact, granted petitioner the 2% increase in pay to which he claimed entitlement under the provisions of LSA-R.S. 33:1992.
After hearing argument, the trial judge sustained the exception to the citation and the exception to the use of summary process, and dismissed plaintiff’s suit at his cost.
The trial court did not hear the case on its merits, although an answer was filed on behalf of the various respondents. The trial *760 court was of the opinion that plaintiff’s petition on its face demonstrated that the duties sought to be compelled were discretionary in nature and, therefore, mandamus was not a proper remedy. The matter is, therefore, before this court on the exceptions only.
The crux of plaintiff’s complaint is contained in the following paragraphs of his petition:
“12.
“The City Treasurer is unable to disburse funds in his custody which have not been allotted or appropriated (Sec. 8.20) and cannot provide for payment of longevity increments to petitioner, nor can the Director of Finance approve such payment on audit until funds have been appropriated by the City Council (Sec. 8.03); therefore, petitioner desires to cause the necessary recommendation, appropriation, certification, approval, and disbursement to be made by defendants individually to those under their direction, in their respective capacities and in fulfillment of their official duties.”
“13.
“Petitioner seeks to have the Mayor-President, John Christian, make all recommendations to the City Council (Sec. 8.08 and 8.18) necessary for compliance with LSA Revised Statutes 33:1992 to provide for the necessary appropriations (Sec. 8.1S and 8.18) in addition to those contained in the current expense budget and further to require by these proceedings the concurrence of all members of the City Council, approving said appropriation and to have the said John Christian direct the City Treasurer to disburse said funds (Sec. 8.02), which disbursement shall be approved on audit by the Director of Finance (Sec. 8.03) as being sufficient and un-expended (Sec. 8.20).”
“14.
‘Alternatively petitioner desires to have the necessary certificate required by the Plan of Government for the City of Baton Rouge (Sec. 8.18) sought by defendant, John Christian, from the Director of Finance certifying that there is available an unappropriated cash surplus sufficient to meet an appropriation to be favorably recommended by said defendant, John Christian, to the City Council for disbursement.”
It is abundantly clear from the above cited paragraphs of plaintiff’s petition, as found by the trial judge, that the duties which plaintiff seeks to have performed are far more than ministerial. In fact, it would be difficult, to say the least, to mandamus the Mayor of the City of Baton Rouge to not only make a favorable recommendation for an appropriation, but to secure a certificate evidencing an unappropriated cash surplus for that purpose. In addition, for the purpose of effectuating the appropriation, it would then be necessary to secure “the concurrence of all members of the City Council”, an independent legislative body. If there was no “unappropriated cash surplus” the Director of Finance obviously could not certify as to its availability. If the Director of Finance was unable to present such a certificate, the Mayor-President could not make the required recommendation. Even assuming a cash surplus to exist, based upon which such an appropriation could be recommended, the Mayor-President would be absolutely without any authority to require that the members of the City Council exercise their legislative authority in such a manner as to concur with the recommendations thus made.
Furthermore, the City of Baton Rouge is a “home rule” municipality, operating under the provisions of a Plan of Government, adopted August 12, 1947, pursuant to the provisions of Article 14, Section 3(a), of the Constitution of the State of Louisiana. Its validity has been sustained by the Supreme Court of the State of Louisiana in the case of State ex rel. Kemp v. City of Baton Rouge, 215 La. 315, 40 So.2d 477. The Plan of Government makes specific provisions that the control of finances, for the estab *761 lishment of salaries to be received by the various employees of the city government, and for the audit and approval of expenditures, including the audit of payrolls prior to the disbursement of funds therefor. Chapter 7 of the Plan of Government places the Fire Department under the direct control of the City Council and the Council is vested with “all the powers and duties relating to the organization and activities of the fire department”, by the provisions of Section 7.02 thereof. Accordingly, it is very doubtful whether or not the provisions of LSA-R.S. 33:1992 applies to the ■City of Baton Rouge.
Under the provisions of Code, of Practice Article 754, summary process may be used only where expressly prescribed by law, and in all other cases the defendant is required to be cited and is given certain legal delays within which to reply and answer the suit. Code of Practice, art. 98.
In the instant case, the defendants have not been cited but have simply been ordered to “conform with the provisions .of R.S. 33:1992 * * or show cause within a limited time why such order should not be complied with. No citation, as required in ■ordinary process, has ever issued in these proceedings.
A mandamus will lie only to compel an administrative act where a clear legal duty to perform the act exists. 34 American Jurisprudence, “Mandamus”, Section •32. As pointed out above, the obligation •of the Mayor and the City of Baton Rouge to comply with the provisions of LSA-R.S. .33:1992 is certainly not clear and unequivocal, and furthermore, it is very doubtful whether the provisions of said Revised .Statutes apply to the City of Baton Rouge. As found by the trial judge, we do not believe that plaintiff is entitled to use this extraordinary process of mandamus.
Counsel for plaintiff strenuously argues that mandamus will lie to compel the performance not only of a ministerial duty ¡but may also be employed even if the statute prescribing the duty may require construction by the courts. He cites in support of his position the cases of Dupuy v. Jones, La.App., 15 So.2d 528; State ex rel. Nunez v. Baynard, La.App., 15 So.2d 649; State ex rel. Warren Realty Company v. Montgomery, La.App., 43 So.2d 33; State ex rel. Saint v. Toups, La.App., 95 So.2d 55. The proposition of law argued by plaintiff is correct. However, in the instant case, it is not certain that LSA-R.S. 33:1992 applies to the City of Baton Rouge because of the particular constitutional provisions which vest in the City Council authority to act in regard to salaries and pay increase in the Fire Department. The problem presented is not merely a question of analyzing and construing the provisions of LSA-R.S. 33:1992 et seq., but a question of whether or not it applies to the City of Baton Rouge. In the cases cited by plaintiffs, it was a matter of construing only the statutes concerning the various officials involved.
Counsel for plaintiff further argues that mandamus is not limited to those instances outlined in Articles 830, 831, 832, 833, 834 and 835 of the Code of Practice which permit the issuance of the order and contends that Article 831 states that the order may be issued at the discretion of the judge, even where a party has other means of relief, if the slowness of ordinary legal forms is likely to produce such a delay that the public good and administration of justice will suffer from it. The trial judge after hearing the exceptions did not see fit to issue the writ and sustained the exceptions. We do not believe that he abused his discretionary powers.
We believe that plaintiff can use the process of our declaratory judgments statutes LSA-R.S. 13:4231 et seq., or other ordinary means to resolve these issues.
For the foregoing reasons, the judgment of the trial court sustaining the exceptions of citation and to the use of summary process are sustained at appellants’ cost.
Affirmed.