131 So.2d 623 (1961)
STATE ex rel. SUMMIT FIDELITY AND SURETY COMPANY, Plaintiff and Appellant,
v.
POLICE JURY OF RAPIDES PARISH, Louisiana, Defendant and Appellee.
No. 259.
Court of Appeal of Louisiana, Third Circuit.
June 19, 1961.
Rehearing Denied July 12, 1961.
*624 Sol B. Pressburg & J. B. Nachman, by J. B. Nachman, Alexandria, for plaintiff-appellant.
F. Jean Pharis, Alexandria, for defendant-appellee.
Before TATE, SAVOY and HOOD, JJ.
HOOD, Judge.
This is a mandamus suit instituted by Summit Fidelity and Surety Company against the Police Jury of Rapides Parish, in which relator seeks a judgment commanding the respondent to pay to it the sum of $2,500. Respondent filed an exception of prematurity, an exception of no cause or right of action, an exception of "mistaken remedy," and an answer. Judgment was rendered by the trial court sustaining the exception of no cause of action, and relator has appealed from that judgment.
The following facts are alleged by relator as a basis for its demands: On February 28, 1958, in the proceeding entitled "State of Louisiana v. Edmond Lilly," a criminal matter which was then pending in the Ninth Judicial District Court for Rapides Parish, the appearance bond of the accused in the sum of $2,500 was ordered forfeited due to the failure of the principal to appear when called. Relator was surety on that bond, and after the forfeiture was ordered it paid the principal amount of the bond to the Sheriff of Rapides Parish in fulfillment of its obligation thereunder. The sheriff then deducted and retained the ten percent commission allowed him by law, and remitted the remaining balance of $2,250 to the respondent police jury. Thereafter, the police jury paid to the district attorney the sum of $500, being the twenty percent fee provided by law.
Subsequently, at a meeting of the Board of Pardons held in October, 1958, the Board unanimously recommended a remittitur, and on July 28, 1959, the Honorable W. J. Cleveland, as President Pro Tempore of the Senate and Acting Governor of Louisiana, formally remitted the forfeiture. Relator thereupon made demand upon the respondent police jury for reimbursement of the sum of $2,500, being the full amount which it previously had paid on this bond forfeiture, and upon the refusal of respondent to comply with that demand this mandamus proceeding was instituted.
Realtor contends that the remittitur granted by the acting governor of the state is final and is not subject to judicial review, that it is the "plain ministerial duty" of the police jury to comply with that order, and that accordingly relator is entitled to a writ of mandamus to enforce payment of the claim. Respondent, on the other hand, contends that the purported remittitur is null and void, that in any event there is no "ministerial duty" on the part of respondent to pay the amount claimed, and that regardless of what merit there may be to the claim relator is not entitled to proceed by mandamus to recover the amount paid on the forfeiture because other adequate remedies are available to it.
The trial court in sustaining the exception of no cause of action held (1) that according to the allegations in the petition, the remittitur is null and void and consequently there was no "ministerial duty" on the part of respondent to refund the amount of the forfeiture to relator, and (2) that in any event relator is not entitled to a writ of mandamus to recover the amount which *625 it allegedly paid on this bond forfeiture since other adequate remedies are available to it
Mandamus is an extraordinary remedy, and it may be resorted to only under extraordinary circumstances. It is settled in this State that a writ of mandamus lies only to compel the performance of duties that are purely ministerial in nature, or to correct an arbitrary or capricious abuse of discretion by public boards or officials. Such a writ will issue only when there is a clear and specific legal right to be enforced or a duty which ought to be and can be performed. It is never granted in doubtful cases. State ex rel. Torrance v. City of Shreveport, 231 La. 840, 93 So.2d 187; State ex rel. Noullet v. Acme Lumber Company, 115 La. 893, 40 So. 301; State ex rel. LeBlanc v. Democratic State Central Committee, 229 La. 556, 86 So.2d 192; State ex rel. Hutton v. City of Baton Rouge, 217 La. 857, 47 So.2d 665; Cook v. City of Shreveport, 163 La. 518, 112 So. 402; Houeye v. St. Helena Parish School Board, 213 La. 807, 35 So.2d 739.
In State ex rel. LeBlanc v. Democratic State Central Committee, supra, for instance, the Supreme Court said:
"Our jurisprudence has unwaveringly adhered to the doctrine that such a writ lies only to compel the performance of duties that are purely ministerial in nature, duties which are so clear and specific that no element of discretion can be exercised in their performance. When such acts or duties necessarily call for the exercise of judgment and discretion by the officer or body at whose hands their performance is required, this remedy will not avail a complainant. State ex rel. Daboval v. Police Jury, 39 La.Ann. 759, 2 So. 305; Badger v. City of New Orleans, 49 La.Ann. 804, 21 So. 870, 37 L.R.A. 540; Houeye v. St. Helena Parish School Board, 213 La. 807, 35 So. 2d 739." [229 La. 556, 86 So.2d 198.]
Also applicable is the language used in State ex rel. Hutton v. City of Baton Rouge, supra, where the Court said:
"The writ of mandamus issues only when there is a clear and specific legal right to be enforced or a duty which ought to be and can be performed. This writ is never granted in doubtful cases, and the writ, if granted, must also be effectual as a remedy, and it must be within the power of respondent, as well as be his duty, to do the act in question." [217 La. 857, 47 So.2d 669.]
In State ex rel. Noullet v. Acme Lumber Co., supra, the Supreme Court, in holding that the granting of a writ of mandamus had properly been denied, said: "It will not be issued in cases of doubtful right." [115 La. 893, 40 So. 302.] In State ex rel. Boykin v. Hope Producing Co., La.App. 2 Cir., 167 So. 506, 509, the Court held that mandamus will be admitted "when there is no adequate remedy at law and where the issue is free from doubt." And, in Prevost v. Baton Rouge City Council, La.App. 1 Cir., 106 So.2d 758, 761, the Court said:
"A mandamus will lie only to compel an administrative act where a clear legal duty to perform the act exists. 34 American Jurisprudence, `Mandamus', Section 32. As pointed out above, the obligation of the Mayor and the City of Baton Rouge to comply with the provisions of LSA-R.S. 33:1992 is certainly not clear and unequivocal, and furthermore, it is very doubtful whether the provisions of said Revised Statutes apply to the City of Baton Rouge. As found by the trial judge, we do not believe that plaintiff is entitled to use this extraordinary process of mandamus."
In the instant suit the trial court held that under the provisions of Article 5, Section 10, of the Constitution, LSA, and LSA-R.S. 15:572, the remittitur of a forfeiture cannot legally be granted until *626 there has been a "conviction" of the accused, and that in this case the petition is fatally defective in failing to allege that there was a conviction before the remittitur was granted by the Acting Governor. Respondent further contends, although the trial court found it unnecessary to determine, that the remittitur is invalid for the reason that it was granted by the President Pro Tempore of the Senate, who then acted without any constitutional or legislative authority by reason of the fact that the office of Governor had not been vacated. In the event it should be determined that a refund is due relator, the question necessarily will be presented as to whether the full amount of the forfeiture must be refunded or whether respondent may deduct the commissions and fees which were withheld or were paid by it. These questions would have to be resolved before the officers of respondent police jury could determine whether a refund in any amount should be paid, and, if so, how much. It appears to us, as it did the trial judge, that these serious questions of law and fact are of such a nature that it cannot be said that it is the "plain ministerial duty" of respondent to pay to relator the amount which it claims. Certainly the issue is not free from doubt. We feel, therefore, that the trial judge was correct in holding that in this case there was no ministerial duty on the part of respondent to pay the amount claimed, and accordingly that relator is not entitled to relief by this type of summary proceeding.
We also think the trial court was correct in holding that relator is not entitled to relief by mandamus in this case, regardless of the merit of its claim, because other adequate legal remedies are available to it.
The Code of Practice, which governed at the time this case was tried, contains the following pertinent provisions relating to mandamus proceedings:
"830. The object of this order is to prevent a denial of justice, or the consequence of defective police, and it should therefore be issued in all cases where the law has assigned no relief by the ordinary means, and where justice and reason require that some mode should exist of redressing a wrong, or an abuse of any nature whatever.
"Judges of district and parish courts shall have the right to try a mandamus in chambers during the recess of said courts."
"831. This order may be issued at the discretion of the judge, even when a party has other means of relief, if the slowness of ordinary legal forms is likely to produce such a delay that the public good and the administration of justice will suffer from it." (Emphasis added.)
In the relatively early case of State ex rel. St. Martin v. Police Jury of the Parish of St. Charles, 29 La.Ann. 146, the Supreme Court said:
"Nor will it be issued where the law affords adequate relief by ordinary means * * *." It was a matter of discretion whether the police jury should pay a claim preferred against the parish before that claim had been adjudicated judicially, and it was a wise discretion to refrain from paying it if, as in this case, the justice of the claim was denied. Adequate relief by the ordinary process of courts could be afforded the relator, since the police jury was amenable to his suit, if they refused to pay. It is only where a specific ministerial duty is imposed by law on an officer that the writ of mandamus can properly issue against him."
In State ex rel. Noullet v. Acme Lumber Co., supra, where the relator sought a writ of mandamus compelling the recorder of mortgages to cancel a lien in favor of respondent, the court, in holding that he was not entitled to that type of relief, said:
"The legal right must be shown, `and it must appear that there is no *627 other specific legal remedy to which he can resort for the enforcement of his remedy.'" Woods on Mandamus, p. 17. (Emphasis added.)
Also, in the relatively recent case of State ex rel. Torrance v. City of Shreveport, supra, the Supreme Court said:
"Mandamus, a summary writ of very ancient origin, is an extraordinary remedy to be used as a supplementary means of obtaining substantial justice where there is a clear legal right and no other adequate legal remedy. Ferris, Extraordinary Legal Remedies, Sec. 190, pp. 221-222 and High, Extraordinary Legal Remedies, 3rd Ed., Sec. 6, p. 10." [231 La. 840, 93 So.2d 189.] (Emphasis added.)
In State ex rel Saint v. Mayor and Commission Council, 166 La. 817, 118 So. 30, 32, the following language was used:
"The law provides ample means, other than by mandamus, for correcting and preventing a recurrence of the conditions complained of by the relators. An injunction restraining the commission council from operating unsafe or unsanitary markets is an expeditious, effective, and proper procedure. It is a well-recognized rule that mandamus will not lie if there be other adequate legal remedy open to relators for the enforcement of his demands. * * *" (Emphasis added.)
The Court of Appeal, First Circuit, in Prevost v. Baton Rouge City Council, 106 So.2d 758, 761, held that plaintiff was not entitled to a writ of mandamus because:
"We believe that plaintiff can use the process of our declaratory judgments statutes LSA-R.S. 13:4231 et seq., or other ordinary means to resolve these issues."
In the instant suit relator clearly has a right to proceed by ordinary process, and there is nothing in the pleadings or in the arguments advanced by counsel to indicate that the "slowness of ordinary legal forms is likely to produce such a delay that the public good and the administration of justice will suffer from it." C.P. Art. 831. Under the above-quoted articles of the Code of Practice and the jurisprudence hereinabove cited, therefore, relator is not entitled to the extraordinary remedy of mandamus in order to enforce his claim for a sum of money.
Counsel for relator argues finally, however, that the remittitur of a forfeiture is an executive function, which cannot be limited by the legislature and is not subject to judicial revision or control. For that reason, he contends, the granting of the remittitur by the acting governor is a final authoritative act which falls in the same category as a judgment rendered by a court of competent jurisdiction, and is not subject to any further judicial review.
In State ex rel. Kuhlman v. Rost, 47 La. Ann. 53, 16 So. 776, 779, which seems to be the principal case relied on by counsel in support of that argument, the issue presented was whether the governor had acted improperly in declaring the office of police juror vacant. The Supreme Court held that the propriety of this action by the head of the executive department was not subject to judicial review. The Court specifically recognized, however, that the legality or validity of executive orders as well as legislative acts are subject to judicial review and determination. The following significant language was used by the Court in that case:
"* * *. That there may be cases of such a character as to force the judiciary, in the discharge of its own duty, to review, to declare null and void, and to set aside acts of the legislature or executive departments, is beyond question; but, as we have said, the occasion which would require it to do so at the instance of an individual citizen by way of injunction, which would at once ex parte restrain and change (temporarily, at least) the *628 course which public affairs would naturally have followed but for the injunction, must be clear and patent. * * *. The issue that he tendered was rather that the governor had acted improperly, and without cause, than that he had acted without authority, an issue which (granting the power to remove) was one which should not have been raised, and could not be passed upon by the court. * * *."
We agree that the granting or refusal to grant a remittitur of a forfeiture is an executive function, and that the court has no authority to review the wisdom or propriety of any action taken by the Pardon Board or by the Chief Executive of the State along that line. Issues relating to the legality or validity of any such remittitur, however, and questions relating to the authority of the official to grant it, are matters which are subject to judicial review and determination. The issues raised in the instant suit, in our opinion, are ones which properly may be determined by the courts, and they must be considered in determining whether relator is entitled to the remittitur which it claims. We think, however, that these issues should be determined by ordinary proceedings, rather than by the use of the extraordinary writ of mandamus.
We realize, of course, that relator will be subjected to additional delays and inconveniences in being required to proceed by ordinary process. But that would be true in any case where a person seeks to enforce a claim for a sum of money against a public body, whether the claim be liquidated or unliquidated, and whether it be due on a debt, a contract or on any other cause of action. In our opinion, relief by mandamus is not appropriate in a case such as this where the relator has adequate relief by ordinary means, where there is no showing that the delay occasioned by the use of ordinary process would cause the public good and the administration of justice to suffer from it, and where the allegations in the petition are not sufficient to show that there has been an arbitrary or capricious abuse of discretion by public boards or officials.
Since we have concluded that under the facts alleged here the relator is not entitled to the extraordinary type of relief which he seeks, we conclude that the trial court was correct in sustaining the exception of no cause of action filed by respondent and in dismissing this suit.
For the reasons herein set out, therefore, the judgment of the trial court is affirmed. The costs of this appeal are assessed to appellant.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.
CULPEPPER, J., recused.