TUCKER, Judge.
This case was consolidated with 207 So. 2d 168, handed down this day, because the basic question presented in each is the same, i. e., whether a mandamus will lie to compel the City of New Orleans to appropriate certain funds under LSA-R.S. 33:2117 which provides that the City annually appropriate an amount to supplement a cost of living increase for the Firemen’s Pension and Relief Fund.
The trial court held that the sole plaintiff in this case, the Board of Trustees of the Firemen’s Pension and Relief Fund of New Orleans, lacked the procedural capacity to bring this suit, from which judgment plaintiff has taken this appeal. The two *167 main grounds upon which defendants base their exception of lack of procedural capacity are: (1) that there is no specific legislative authorization for the Board of Trustees to sue or be sued; (2) that because the Board is a part of the city government, it is powerless to sue it.
With regard to the first contention, LSA-R.S. 33:2103 provides inter alia:
“The board of trustees [of the Firemen’s Fund] shall have exclusive control and management of the fund and all money donated, paid or assessed for the relief or pensioning of disabled, superannuated, and retired members of the fire department, their widows and minor children, or widowed mothers and for the payment of death benefits.”
We find that implicit in this authority is the right to sue because otherwise the Board would lack the power to perform its necessary duties. Counsel for plaintiff in oral argument pointed out that the Board would be helpless, for example, in a situation in which it had by mistake sent two checks for the same month to the same pensioner if it could not sue to recover one of them. An embezzlement situation or one such as in the instant case in which a legislative body refused to appropriate money to the fund also illustrate the necessity that the Board have the power to sue.
Moreover in the recent case of Penny v. Bowden, La.App., 199 So.2d 345, in which retired policemen attempted to mandamus the City of Alexandria to pay amounts allegedly due the Alexandria Police Pension Fund, the court said:
“Undoubtedly the Board of Trustees of the pension fund would have less difficulty in bringing this action than the present plaintiffs.”
Thereby it indicated the Board of Trustees was indeed a proper party plaintiff.
With regard to the second contention, i. e., that the Firemen’s Pension and Relief Fund cannot sue the city government of which it is a part, we note the Home Rule Charter of the City of New Orleans, in referring to boards which include the Board of Trustees of the Firemen’s Fund, states the following:
“The foregoing boards shall be attached to but shall not be part of the departments as indicated [in this case the Department of Finance] * * * The responsibilities of the departments with respect to such boards shall be limited to the general oversight of their operations for the purpose of providing information thereon to the mayor, chief administrative officer and the council.” (Emphasis added.)
However, assuming arguendo that in some respects the Board of Trustees could be considered a part of city government, we refer again to Penny v. Bowden, supra, in which the court, after giving its approval to a possible suit by the Board, stated:
“That the Board has not seen fit to do so [sue] is understandable, however, in view of the fact that a majority of the Board is composed of city officials some of whom are the object of the instant mandamus suit.”
This clearly indicates the Board of Trustees would have the power to mandamus another officer of the Board acting in a different capacity. It certainly follows that in the instant case the Board of Trustees has the right to mandamus the City of New Orleans, the City Council and its members.
For the above reasons the maintenance of the exception of lack of procedural capacity is reversed and the case remanded for a trial on the merits.
Reversed and remanded.