TUCKER, Judge.
This case has been consolidated with Case No. 2992, 207 So.2d 166, handed down this day. The defendants are the same as those in Case No. 2992: the City of New Orleans, the City Council and its individual members. However in addition to the Board of Trustees of the Firemen’s Pension and Relief Fund of the City of New Orleans, the sole plaintiff in Case No. 2992, nine individual firemen have joined as parties, plaintiff in the instant suit. The plaintiffs seek to mandamus the City of New Orleans to appropriate funds to implement a cost of living increase for the period from July 1, 1967 to December 31, 1967. The trial court dismissed plaintiffs’ suit on an exception of no cause of action, from which judgment plaintiffs have appealed. The statute upon which plaintiffs rely is Act 68 of 1967 *169 (LSA-R.S. 33:2117) which provides inter alia:
“B. At any time after twenty years of service as a member of the fire department, the last two of which shall be consecutive, a member may elect to retire on a service pension. For the first twenty years of service the member shall' be entitled to fifty percent of his average compensation during the best year of service preceding the date of retirement. For each year’s service in addition to twenty years, the member shall be entitled to a service benefit to be increased by one percent for each year of service before January 1, 1968, and two and one-half percent of average compensation for the best year of service not to include overtime pay, (whether voluntary or involuntary) holiday or part time pay for each year of service after June 30, 1967. No service benefit shall exceed eighty percent of the average compensation earned during the best year of service preceding retirement. In addition, if the member has attained age fifty, his service benefit shall be increased one-half of one percent for each year of service over twenty-five.
“The board of trustees shall be authorized to use interest earnings on investments of the system in excess of normal requirements as determined by the actuary to provide a cost of living increase in benefits for members who have retired, in an amount not to exceed two percent of the original benefit for each year of retirement. Such benefits shall be paid only when funds are available from this source or from funds appropriated for this purpose by the city of New Orleans, and payments shall be made in such manner and in such amount as may be determined by the board of trustees, based on funds available. This increase shall not be a part of the regular retirement benefit and shall not have the effect of reducing or replacing any supplementary benefit now provided by existing law.
“Until January 1,1973, the city of New Orleans shall annually appropriate an amount sufficient to pay this supplementary benefit less any excess interest funds which may be available. Excess interest funds shall be earnings of the fund in excess of three and one-half percent per annum. As amended Acts 1967, No. 68, § 1.” (Emphasis added.)
In its reasons for judgment the trial court found the statute to be ambiguous in the following respects: (1) That it was not clear whether Paragraph Three refers to Paragraph Two only, Paragraph One only, or to both Paragraphs One and Two. Both counsel for plaintiffs and defendants agreed in open court that their interpretation of the statute was that the third paragraph referred solely to the second. We find this interpretation to be correct because the words “this supplementary benefit” could only refer to the cost of living increase provided in Paragraph Two and not to the compensation rates for various years of service enumerated in Paragraph One.
(2) That it is not clear whether the City of New Orleans must first appropriate the funds or whether the Board of Trustees must first determine what their amount should be. It is clear from the reading of the statute as a whole that the Board of Trustees must first determine the amount of the increase not to exceed two percent of the firemen’s retirement pay and then the City of New Orleans must appropriate the necessary funds.
(3) That it is not clear whether the actuary mentioned in Paragraph Two is necessary. His only function seems to be to determine the amount of excess interest funds. Paragraph Three, on the other hand, specifies exactly what is meant by excess interest funds, i. e., that they are the earnings of the fund in excess of three and one-half percent per annum. This determination seems effectively to do away with the need *170 for an actuary and therefore is ambiguous and conflicts with Paragraph Two.
(4) That it is not clear if the words “appropriate annually” would cover an appropriation for a semi-annual period. The law became effective June 26, 1967 and plaintiffs are asking for an appropriation to cover the period between July 1, 1967 and December 31, 1967, 'a semi-annual period. We agree that it is not clear from the statute whether the City must make an appropriation for this period and in this respect the law is ambiguous and requires interpretation.
However we do not agree with the trial judge that a mandamus can only issue where there is no ambiguity in the statute. In support of the contention of the trial judge, defendants rely on Prevost v. Baton Rouge City Council, La.App., 106 So.2d 758, which actually contains language to the effect that a mandamus can issue even when judicial interpretation of the statute involved is necessary. In the cited case the court stated:
“Counsel for plaintiff strenuously argues that mandamus will lie to compel the performance not only of a ministerial duty but may also be employed even if the statute prescribing the duty may require construction by the courts. He cites in support of his position the cases of Dupuy v. Jones, La.App., 15 So.2d 528; State ex rel. Nunez v. Baynard, La.App., 15 So.2d 649; State ex rel. Warren Realty Company v. Montgomery, La.App., 43 So.2d 33; State ex rel. Saint v. Toups, La.App., 95 So.2d 55. The proposition of law argued by plaintiff is correct. However, in the instant case, it is not certain that LSA-R.S. 33:1992 applies to the City of Baton Rouge because of the particular constitutional provisions which vest in the City Council authority to act in regard to salaries and pay increase in the Fire Department. The problem presented is not merely a question of analyzing and construing the provisions of LSA-R.S. 33:1992 et seq., but a question of whether or not it applies to the City of Baton Rouge.”
In the instant case there is no question but that the statute involved applies to the City of New Orleans and we hold that its interpretation should be referred to the merits. Therefore the judgment maintaining defendants’ exception of no cause of action is reversed and the case remanded for a trial on the merits.
Reversed and remanded.