REGAN, Judge.
The plaintiffs, Board of Trustees of the Firemen’s Pension and Relief Fund of the City of New Orleans, Edward Bechtel, Cornelius A. Murphy, Chris J. Kerth, John W. Whitmeyer, Raymond H. Murray, Bernard Kleinschmidt, Edward Lentz, Roy A. Burke and Edward Cousins, filed this petition and a rule for mandamus against the City of New Orleans, the Council of the City of New Orleans and its members, John J. Petre, Maurice A. Landrieu, Henry B. Curtis, Eddie Sapir, Clarence O. Dupuy, James A. Moreau and Philip C. Ciaccio, endeavoring to compel them to appropriate the sum of $66,577.46 in order to pay a 2% cost of living increase in pension benefits to retired firemen for the period of July 1, 1967 through December 31, 1967, in conformity with the provisions of an amendment to La.R.S. 33:2117.
The defendants answered and pleaded the exceptions of no right or cause of action, prematurity, and lack of capacity to sue. They then admitted that the 2% cost of living increase was to be effective as of January 1, 1968, but they deny its effectiveness between the dates of July 1, 1967, and December 31, 1967, and they concede that they have refused to appropriate funds for that period.
Judgment was rendered overruling the exceptions and a writ of mandamus was issued ordering the defendants to appropriate the sum of $66,577.46 for payment of increased benefits for the period between July 1, 1967, through December 31, 1967, subject to a credit for any deaths which may have occurred during that period.
From that judgment, the defendants have prosecuted this appeal.
This case was consolidated with Board of Trustees of Firemen’s Pension and Relief Fund of City of New Orleans v. City of New Orleans, La.App., 217 So.2d 769, which was the first suit filed by the Board, and the issues are identical with those of the present suit. The only reason for instituting the second suit was to join several of the retired and superannuated firemen as parties plaintiff in order to cure the defendants’ exception of lack of capacity of the Board to sue.
In view of the fact that this court has already passed upon the invalidity of the exceptions of no right or cause of action, prematurity and lack of capacity to sue, they shall not be discussed further herein.[1]
The record discloses that the Board of Trustees of the Firemen’s Pension and *768 Relief Fund of the City of New Orleans was created by an act of the Legislature, La.R.S. 33:2117, which vests the Board with exclusive control and management of the fund of the pension system of the City of New Orleans Fire Department.
An amendment to La.R.S. 33:2117(B), which was passed by the Legislature and became effective June 26, 1967, reads:
“ * * * The board of trustees shall be authorized to use interest earnings on investments of the system in excess of normal requirements as determined by the actuary to provide a cost of living increase in benefits for members who have retired, in an amount not to exceed two percent of the original benefit for each year of retirement. Such benefits shall be paid only when funds are available from this source or from funds appropriated for this purpose by the city of New Orleans, and payments shall be made in such manner and in such amount as may be determined by the board of trustees, based on funds available. This increase shall not be a part of the regular retirement benefit and shall not have the effect of reducing or replacing any supplementary benefit now provided by existing law.
“Under January 1, 1973, the city of New Orleans shall annually appropriate an amount sufficient to pay this supplementary benefit less any excess interest funds which may be available. Excess interest funds shall be earnings of the fund in excess of three and one-half percent per annum. As amended Acts 1967, No. 68, § 1.
Pursuant to this amendment, the Board adopted a resolution on June 7, 1967, providing for a cost of living increase in pension benefits to all eligible persons consisting of 2% of their original benefit for each year of retirement beginning July 1, 1967. The pension fund earned $1,952.32 excess interest over 3(4% on its investment, which left $66,577.46 to be appropriated by the City of New Orleans and the City Council to supplement the increased benefits for the period between July 1, 1967 and December 31, 1967.
The defendants have appropriated funds for the year 1968, and have paid increased benefits to widows and children of firemen for the period of July 1, 1967, through December 31, 1967, in conformity with the provisions of the amendment to R.S. 33:2117; however, they have refused to appropriate a 2% cost of living increase, that is the sum of $66,577.46, to supplement the increased benefits to the retired firemen during the six months of July 1, 1967, through December 31, 1967.
The foregoing refusal provoked the plaintiffs into instituting these mandamus proceedings against the defendants in order to compel them to make the appropriation for the six months period, insisting that it is the defendants’ mandatory duty under the provisions of La.R.S. 33:2117(B) and the requirement of an appropriation thereunder is ministerial and not legislative.
The defendants also contend that the Legislature intended that the 2% increase was not to become effective until January 1, 1968, and they assert that the phrase “shall annually appropriate” does not cover a semiannual period. They contend that the statute is unconstitutional since it violated the Home Rule Charter and therefore contravened the provisions of Article 14 Section 22 of the Louisiana Constitution which states that certain types of legislation shall not become operative until approved by a majority of the qualified electors of the City of New Orleans.
The lower court in its reasons for judgment concluded, and we fully concur therein, that the City of New Orleans had actually consented to the passage of La.R.S. 33:2117 and also by subsequent appropriations made pursuant thereto, and therefore, the statute did not violate the Home Rule Charter nor did it contravene the provisions of Article 14 Section 22 of the Constitution.
*769 The reason the City failed to appropriate funds is the alleged uncertainty as to the effective date of Section B of La.R.S. 33:2117, and the interpretation of that section is now posed for our judgment.
The statute does not designate a particular date on which the act is to become effective, and the general rule is that an act of the Legislature becomes effective twenty days after the adjournment of the Legislature where no special date for its effectiveness is expressed.[2] The legislative session in which this statute was passed ended on June 6, 1967, and therefore, the act became effective twenty days thereafter, or June 26, 1967. Had the Legislature intended that the act not become effective until January 1, 1968, it could have so provided, and the City’s representatives in the legislature could have requested that the effective date be so delineated.
The City’s contention that it is not required to make an appropriation for the period between July 1, 1967, and December 31, 1967, because of the statute’s provision for an “annual appropriation” is simply without merit.
For all practical purposes, the statute became effective on July 1, 1967, and therefore, the City is obligated to make an appropriation for the last six months of 1967. In subsequent years, the annual appropriation will encompass a full year, which significantly is exactly what the City did for 1968. In the final analysis, the City’s defense with respect to the ramifications of the phrase “annually appropriate” relegates itself to a play on semantics and nothing more.
The statute which has formed the subject matter of this tedious litigation is a mandatory law, and the defendants, the City of New Orleans, are required as a ministerial function to make the appropriation, and it is for this reason that mandamus is the proper procedure for the enforcement of this obligation.[3]
For the foregoing reasons, the judgment of the lower court ordering the defendants to appropriate the sum of $66,577.46 for the period between July 1, 1967, and December 31, 1967, is hereby affirmed.
Affirmed.

. Board of Trustees of the Firemen’s Pension and Belief Fund of the City of New Orleans v. City of New Orleans, La.App., 207 So.2d 166 (1968); Board of Trustees of the Firemen’s Pension and Relief Fund of the City of New Orleans v. City of New Orleans, La.App., 207 So.2d 168 (1968).

. La.Constitution Art. Ill, Section 27.

. La.C.C.P. Arts. 3861-3862.