LOB RANO J.,
dissents.
. hi respectfully dissent from the majority opinion affirming the trial court’s sustaining of the exceptions of no right of action and no cause of action raised by the defendants-in-reconvention. In my opinion, La. Rev.Stat. §§ 11:3862,[1] 11:8363[2] and *924 11:3363.1 [3] provide the Director of Finance for the City of New |4Orleans with both a *925 right of action and cause of action against his fellow trustees if he is aware of a breach of their fiduciary duties to the Firefighters’ Pension and Relief Fund in the City of New Orleans (“the Fund”).
Mr. Norman S. Foster, in his capacity as Chief Financial Officer and Director of Finance for the City of New Orleans, is one of the named plaintiffs-in-reconvention in this case. As the Director of Finance for the City, he is also a statutorily named, ex-officio member of the Board of Trustees for the Fund.[4] The Board of Trustees has “exclusive control and management of the fund and all money donated, paid, or assessed for the relief or pensioning of disabled, superannuated, and retired members of the fire department, their widows and minor children, or widowed mothers, and for the payment of death benefits.” La.Rev.Stat. § 11:3363(A). It also has exclusive control of the allocation of funds and the payment of funds for operational expenses, and it is required to invest the balance of all funds regularly and promptly. See La.Rev.Stat. § 11:3363(E). The Board of Trustees “may employ personnel, professional advisors, legal and technical assistants, and pay compensation for services rendered and shall employ an actuary who shall annually certify to the board the amount of contributions required from the city and other sources to maintain the system on an actuarial basis.” La.Rev. Stat. § 11:3363(D).
Mr. Foster, as well as the other members of the Fund’s Board of Trustees, is deemed to be in a fiduciary relationship with the Fund, because he exercises discretionary authority and control with respect to the management of the system | Sfunds or assets. See La.Rev.Stat. § 11:3363.1(A)(1). As a fiduciary, he is required to discharge his duties with respect to the system in the exclusive interest of the members and beneficiaries. See La.Rev.Stat. § 11:3363.1(D).
However, if Mr. Foster has any knowledge of a co-fiduciary’s breach of any obligation or statutorily imposed duty, as a fiduciary he has a duty to remedy that breach. See La.Rev.Stat. § 11:3363.1(G)(2). Each fiduciary has a duty of accountability for his own actions, inactions, and decisions, as well as those of his co-fiduciaries. In other words, the statute provides the Director of Finance for the City, as a plaintiff-in-reconvention, with both standing[5] and a cause of action.[6] *926 Thus, it is reasonable to conclude that in order to remedy that breach, Mr. Foster would have to bring a civil action, much like a member, beneficiary, or survivor with a personal interest in the system is permitted to do under La.Rev.Stat. § 11:3363.1(H)(1) or like a member of an “unincorporated association”[7] with a derivative action under La. C.C.P. Art. 611. The fact that Mr. Foster must discharge his fiduciary duties solely in the interest of the system members and beneficiaries, 'see La.Rev.Stat. §§ 11:3363.1(0) and (E), does not necessarily require him to ignore or oppose the eity’s interests.
The reconventional demand in this case alleges that various trustees of the board breached their fiduciary duties to the Fund and'mismanaged the Fund in numerous ways, including making a series of bad investments. Given that the | ^Director of Finance for the City, one of the plaintiffs-in-reconvention, has a statutory duty to remedy any breach by another co-fiduciary if he has knowledge of that breach, I would remand this case to the trial court to allow the Director of Finance, as a statutorily named, ex-officio member of the Board of Trustees for the Fund, to amend the re-conventional demand petition to clearly state his cause of action.

. La.Rev.Stat. § 11:3362 provides, in part:
A.There is hereby created a Board of Trustees for administration of this fund. This board shall be composed of the following members:
(1) The superintendent of the fire department.
(2) The director of finance of the city of New Orleans.
(3) Two members elected from the active ranks of the department.
(4) Two members elected from the ranks of retired members of the department.
(5) One member who is domiciled in and an elector of the city of New Orleans and who is appointed by the mayor subject to confirmation by the New Orleans City Council. A vacancy in this position shall be filled in the same manner as the original appointment.

. La.Rev.Stat. § 11:3363 provides, in part:
A. The board of trustees shall have exclusive control and management of the fund and all money donated, paid, or assessed for the relief or pensioning of disabled, superannuated, and retired members of the fire department, their widows and minor children, or widowed mothers, and for the payment of-death benefits. This board is created to administer the funds paid into this system and to invest these funds in accordance with the provisions of this Part.
B. The board shall assess each member of the fire department not less than ten percent of his salary, to be deducted monthly, the same to be placed by the secretary-treasurer to the credit of the fund subject to the order of the board.
C. Should the employee who was employed prior to January 1, 1968, leave the employment of the city fire department at any time, eighty percent of his accumulated contributions shall be paid to him in a lump sum if living, otherwise to his named beneficiary unless he is entitled to receive benefits under this Part; and upon such withdrawal he shall forfeit all credits for service in this system. It may acquire, own, administer, alienate, and-otherwise dispose of all kinds of property, movable and immovable, tangible and intangible, contract, adopt, alter or destroy an official seal, sue and be sued, implead and be impleaded.
D. The board may employ personnel, professional advisors, legal and technical assistants, and pay compensation for services rendered and shall employ an actuary who shall annually certify to the board the amount of contributions required from the city and other sources to maintain the system on an actuarial basis.
E. The board shall have exclusive control of the allocation of funds and the payment of funds for operational expenses, the balance of all funds shall be regularly and promptly invested in accordance with the provisions of this Part.
F. The board shall appoint committees of its members as needed, including a finance committee and a relief committee, and make necessary rules and regulations *924 for its government in the discharge of its duties. It shall hear and decide applications for relief, pensions, and death benefits under this Part. Its decisions on such applications shall be final and conclusive, and not subject to review by the courts of this state unless application is made to the board for rehearing. The board shall cause to be kept a record of all its meetings and proceedings.

. La.Rev.Stat. § 11:3363.1 provides:
A. The following shall be deemed to be in a fiduciary relationship with the fund:
(1) Any person who exercises any discretionary authority or discretionary control with respect to the management of system funds or assets.
(2) Any person who renders investment advice or services for compensation, direct or indirect, with respect to system funds or assets.
B. Legislators, state officials, system attorneys, accountants, and actuaries shall not be considered fiduciaries unless they exercise discretionary control over the man- . agement or administration of the system or some authority or control over system assets.
C. Any person who has been convicted of a felony offense shall be restricted from serving as a system fiduciary for a period of five years after the conviction or after the end of imprisonment, whichever is later.
D. The basic duty of a fiduciary is to discharge his duties with respect to the system in the exclusive interest of the members and beneficiaries.
E. A fiduciary must discharge his duties solely in the interest of system members and beneficiaries for the exclusive purpose of providing benefits to participants and beneficiaries, and paying the expenses of administering the plan.
F. (1) Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this Part shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.
(2) No fiduciary shall be liable with respect to a breach of fiduciary duty under this Part if such breach was committed before he became a fiduciary or after he ceased to be a fiduciary.
G. (1) Any fiduciary who participates in a breach committed by a cofiduciary, or who tries to conceal a cofiduciaiy's breach, shall be held liable jointly for breach of fiduciary duty. Cofiduciary liability also results from a fiduciary’s failure to use reasonable care to prevent a cofiduciary from committing a breach.
(2) Any fiduciary who has knowledge of a cofiduciary’s breach has a duty to remedy the breach.
H. (1) A member, beneficiary, or surviv- or who can demonstrate a personal interest in this retirement system may bring civil action to enforce the proceedings of this Section. In any enforcement proceeding the plaintiff may seek and the court may grant any or all of the following forms of relief:
(a) A writ of mandamus.
(b) An injunction.
(c) A declaratory judgment.
(d) A judgment rendering certain actions
of the board of trustees as void.
(e) A judgment awarding civil damages.
(2) Exclusive jurisdiction for proceeding under this Section shall be in the Civil District Court for the Parish of Orleans. In any enforcement proceeding the court has jurisdiction and authority to issue all necessary orders to require compliance with, or to prevent noncompliance with, or to declare the rights of parties under the provisions of this Section. Any noncompliance with the orders of the court may be punished as contempt of court.
(3) If a person who brings an enforcement proceeding prevails, he shall be awarded reasonable attorney fees and other costs of litigation. If such person prevails in part, the court may award him reasonable attorney fees or an appropriate portion thereof. If the court finds that the proceeding was of a frivolous nature and was brought with no substantial justification, it may award reasonable attorney fees to the prevailing party.
I. The system may not submit a proposed regulation, or approve any internal *925 policy, to relieve a fiduciary from responsibility for breach of fiduciary duty. However, the system may purchase insurance to cover liability or losses due to acts or omissions of fiduciaries. Any such insurance shall maintain the insurance company's rights of subrogation. A fiduciary may purchase insurance to cover his own liability without condition.
J. The board of trustees is hereby authorized, in requesting proposals for investment advisory services, to require that fees shall be quoted as a fixed fee, a fee based on market value of assets, a fee based commission recapture arrangement, or a performance fee.

.See La.Rev.Stat. § 11:3362(A)(2); see also Home Rule Charter of the City of New Orleans, Art. IV, §§ 4-101; 4-102; 4-1301; 4-1303 (1954).

. See Board of Trustees of Firemen’s Pension and Relief Fund of the City of New Orleans v. City of New Orleans, 207 So.2d 166, 167 (La. App. 4th Cir.l968)(where the court found that implicit in the plaintiff’s statutorily imposed duties is the right to sue because otherwise the plaintiff would lack the power to perform his necessary duties); See also Badeaux v. Southwest Computer Bureau, Inc., 2005-0612, pp. 6-7 (La.3/17/06), 929 So.2d 1211, 1216-17 (where the court noted that the focus in an exception of no right of action is on whether the particular plaintiff has a right to bring the suit and the question is whether the plaintiff in the particular case is a member of the class of persons that has a legal interest in the subject matter of the litigation).

. See Badeaux, at pp. 6-7, 929 So.2d at 1216— 17 (where the court stated that the focus in an exception of no cause of action is on whether *926 the law provides a remedy against the particular defendant and the question is whether the law extends a remedy against the defendant to anyone under the factual allegations of the petition).

. La. C.C.P. Art. 617.